PAUL WRIGHT *v.* UNITED TECHNOLOGIES
CORPORATION/PRATT AND WHITNEY
AIRCRAFT DIVISION ET AL.
(14795)

Dupont, C. J., and Spear and Healey, Js.

Argued January 22—officially released April 30, 1996

*Michael J. Belzer,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney

general, and *William J. McCullough*, assistant attorney general, for the appellant (defendant second injury fund).

*Jason M. Dodge*, with whom, on the brief, was *Stephen G. Ekern*, for the appellees (named defendant et al.).

SPEAR, J. The defendant second injury fund (fund) appeals from the decision of the workers' compensation review board (board) that ordered the immediate transfer to the fund of liability for the work related injury of an employee who had a previous physical condition. The dispositive issue is whether the fund is immediately liable for such injury, or liable only after the employer pays the first 104 weeks of compensation. The resolution of this issue turns on the interplay of General Statutes §§ 31-325[1] and 31-349.[2]

---

[1] General Statutes § 31-325 provides in pertinent part: "Acknowledgment by employees having certain physical conditions. Whenever any person having a contract of employment, or desiring to enter into a contract of employment, has any physical condition which imposes upon his employer or prospective employer a further or unusual hazard, it shall be permissible for the person to execute in writing for himself or his dependents, or both, an acknowledgment of the physical condition. . . . No acknowledgment shall be a bar to a claim by the person signing it, or his dependents, for compensation for any injury arising out of and in the course of his employment, or death resulting from the injury, which injury shall not be found to be attributable in a material degree to the particular condition described in the acknowledgment. The rights and liabilities of the parties to the acknowledgment as to injuries arising out of and in the course of the employment and within the terms of the acknowledgment shall be as provided by section 31-349. . . ."

[2] General Statutes § 31-349 provides in pertinent part: "(a) The fact that an employee has suffered a previous disability, shall not preclude him from compensation for a second injury, nor preclude compensation for death resulting from the second injury. If an employee having a previous disability incurs a second disability from a second injury resulting in a permanent disability caused by both the previous disability and the second injury which is materially and substantially greater than the disability that would have resulted from the second injury alone, he shall receive compensation for (1) the entire amount of disability, including total disability, less any compensation payable or paid with respect to the previous disability, and (2) neces-

The board reversed the decision of the workers' compensation commissioner for the first district (commissioner) who had transferred liability to the fund pursuant solely to § 31-349 (a) and (b). On appeal, the fund claims that the board (1) improperly engaged in fact-finding in reversing the commissioner's decision and (2) erroneously interpreted the language of § 31-325 that entitles an employer to transfer liability immediately to the fund where a work related injury is "attributable in a material degree" to an acknowledged preexisting condition. We reverse the judgment of the board.

The record discloses the following relevant facts and procedural history. On September 17, 1991, the plaintiff sustained a compensable injury to his left knee while in the course of his employment with the Pratt and

sary medical care, as provided in this chapter, notwithstanding the fact that part of the disability was due to a previous disability. For purposes of this subsection, 'compensation payable or paid with respect to the previous disability' includes compensation payable or paid pursuant to the provisions of this chapter, as well as any other compensation payable or paid in connection with the previous disability, regardless of the source of such compensation.

"(b) . . . The employer by whom the employee is employed at the time of the second injury, or his insurance carrier, shall in the first instance pay all awards of compensation and all medical expenses provided by this chapter for the first one hundred four weeks of disability. . . . After the employer or its insurer has completed payment for the one-hundred-four-week period, he shall file with the commissioner having jurisdiction, and with the custodian of the Second Injury Fund, a form indicating that all compensation and medical bills have been paid for the one-hundred-four-week period, and indicating the date the custodian was notified of the pending case. The employer shall file the form with the commissioner having jurisdiction and the custodian of the Second Injury Fund no later than one year after the expiration of the one-hundred-four-week period, *and thereafter, all responsibility for compensation and medical treatment shall be with the custodian of the Second Injury Fund.*

\* \* \*

"(d) . . . [T]he compensation specified in this chapter which would be payable except for the execution of the acknowledgment shall be paid entirely out of the Second Injury Fund. . . ." (Emphasis added.)

Whitney Aircraft Division of United Technologies Corporation (employer). Prior to sustaining that injury, the plaintiff had executed an acknowledgment of physical defect that noted that he suffered from left knee osteoarthritis. The employer and its insurer, CIGNA (insurer), sought to transfer liability to the fund pursuant to § 31-325[3] or § 31-349.[4]

On October 5, 1993, the commissioner found that the plaintiff's "pre-existing condition caused the compensable injury to be worse than it would have been without said condition," and thus ordered that "liability is transferrable subject to [§] 31-349," thereby making the employer liable for the first 104 weeks of compensation. The commissioner made no finding with respect to the immediate transfer of liability to the fund pursuant to § 31-325. The employer and insurer filed a motion to correct seeking to replace the language transferring liability pursuant to § 31-349 with the following: "Based on the foregoing, I find that the claimant had a significant pre-existing left knee osteoarthritis which was the subject of an acknowledged defect . . . and that the claimant's [present] disability . . . is materially related to said defect; therefore, I find the case is transferrable to [§] 31-325." The commissioner denied that portion of the motion to correct.

The employer and insurer then appealed from the decision of the commissioner to the board. The board sustained the appeal and ordered the fund to assume liability for the first 104 weeks of the plaintiff's disability pursuant to § 31-325. The fund now appeals from the decision of the board.

The fund first claims that the board exceeded its authority when it reversed the decision of the commis-

[3] See footnote 1.
[4] See footnote 2.

sioner who ordered the transfer of liability pursuant to § 31-349 (a) and (b).

The appropriate standard applicable to the board when reviewing a decision of a compensation commissioner is well established. "[T]he review [board's] hearing of an appeal from the commissioner is not a de novo hearing of the facts. . . . [I]t is oblig[ated] to hear the appeal on the record and not retry the facts. . . . [T]he power and duty of determining the facts rests on the commissioner, the trier of facts. . . [T]he conclusions drawn by him from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." (Internal quotation marks omitted.) *Muldoon* v. *Homestead Insulation Co.*, 231 Conn. 469, 475–76, 650 A.2d 1240 (1994); *Crochiere* v. *Board of Education*, 227 Conn. 333, 347, 630 A.2d 1027 (1993). "The commissioner's conclusions are accorded 'the same deference as that given to similar conclusions of a trial judge or jury on the issue of proximate cause.' " *Muldoon* v. *Homestead Insulation Co.*, supra, 477; *Fair* v. *People's Savings Bank*, 207 Conn. 535, 541, 542 A.2d 1118 (1988).

The requisite finding for transferring liability to the fund pursuant to § 31-349 (a) and (b) does not mirror the finding required to transfer liability pursuant to § 31-325. Section 31-349 (a) addresses situations where a permanent disability results from the combinations of the first and second injuries and the resulting disability is "materially and substantially greater than the disability that would have resulted from the second injury alone." Section 31-349 (b) requires the employer to pay the first 104 weeks of compensation. After that time, § 31-349 (b) allows the employer to transfer liability to the fund.

Section 31-325 provides for the transfer of liability to the fund commencing with the date of the compensable

injury. That statute first provides that "it shall be permissible for [an employee] to execute . . . an acknowledgment of [a] physical condition . . . ." Section 31-325 further provides that the execution of such an acknowledgment "shall [not] be a bar to a claim . . . for compensation for any injury arising out of and in the course of his employment . . . ." The injury, however, "shall not be found to be attributable in a material degree to the particular condition described in the acknowledgment. *The rights and liabilities of the parties to the acknowledgment as to injuries arising out of and in the course of the employment and within the terms of the acknowledgment shall be as provided by section 31-349. . . .*" (Emphasis added.) Last, § 31-349 (d) notes that "the compensation specified in this chapter which would be payable except for the execution of the acknowledgment *shall be paid entirely out of the Second Injury Fund. . . .*" (Emphasis added.) Accordingly, the employer is liable for compensating an injured employee with a preexisting condition from the date of the subsequent injury where the injury is "not . . . found to be attributable in a material degree" to that condition. General Statutes § 31-325. Where, however, the injury *is* attributable in a material degree to the condition described in the acknowledgment, liability for the injury is immediately transferrable to the fund.

The commissioner determined that the plaintiff's "pre-existing condition caused the compensable injury to be worse than it would have been without said condition," and ordered that "liability is transferrable subject to [§] 31-349 . . . ." The board did not dispute this finding. The board, however, questioned whether this finding supported the transfer of liability pursuant to § 31-325, instead of the transfer of liability pursuant to § 31-349 (a) and (b). In its written opinion, the board emphasized that "[t]he crux of this uncontested finding

is that the [preexisting condition] contributed not only to the claimant's disability, but to the actual injury as well." The board consequently determined that the work related injury was attributable in a material degree to the condition described in the acknowledgment, and, "[t]herefore, the claimant's injury itself was within the scope of the acknowledgment, and the commissioner should have applied § 31-325 and § 31-349 (d) . . . ."

The determination of whether the plaintiff's injury was attributable in a material degree to the preexisting condition is a question of fact reserved for the commissioner. The commissioner, however, made no finding with respect to this question. The commissioner, in fact, made no causal connection between the preexisting condition and the resulting injury. Instead, the commissioner simply found that the preexisting condition caused the work related injury to be worse than it would have been without said condition. This finding, according to the board, supported a determination that the plaintiff's injury was attributable in a material degree to the preexisting condition. The commissoner's finding did not support that determination, and it is well settled law that the board may not substitute its factual judgment for the judgment of the commissioner. See *Muldoon* v. *Homestead Insulation Co.*, supra, 231 Conn. 475–76. We, therefore, conclude that the board exceeded its authority in reversing the decision of the commissioner and transferring liability pursuant to §§ 31-325 and 31-349 (d).

Because we conclude that the board exceeded its authority, we need not address the fund's remaining claim that the board erroneously interpreted the language of § 31-325 that entitles the employer immediately to transfer liability to the fund where the work related injury is "attributable in a material degree to the particular condition described in the acknowledgment."

The decision of the compensation review board is reversed and the case is remanded with direction to affirm the decision of the compensation commissioner.

In this opinion the other judges concurred.