## MARGARET ROGERS *v.* LAIDLAW TRANSIT, INC., ET AL.
### (AC 16129)

Dupont, C. J., and Landau and Schaller, Js.

Submitted on briefs March 24—officially released May 20, 1997

*Thomas F. Keyes, Jr.,* filed a brief for the appellant (plaintiff).

*Jonathan F. Reik* filed a brief for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff appeals from the compensation review board's reversal of a workers' compensation commissioner's finding and award in her favor.

The commissioner found that on September 16, 1992, during the plaintiff's employment with Laidlaw Transit, Inc.,[1] she sustained a work related injury to her left knee. She was treated by Hubert Bradburn, who performed arthroscopic surgery on her knee in April, 1993. In February, 1994, Bradburn performed a knee replacement on the plaintiff.

The defendants deny that the knee replacement was causally related to the September 16, 1992 injury because the plaintiff had preexisting arthritis in both knees. Two other physicians, who examined the plaintiff at the request of the defendants, opined that the knee replacement surgery was not causally related to the September 16, 1992 injury. The commissioner concluded, however, relying on the opinion of Bradburn, that the surgery was causally connected to the September 16, 1992 injury.

The review board reversed the commissioner's decision because it was unable to conclude that the medical evidence supported the factual findings.

---

[1] The defendants are Laidlaw Transit, Inc., and its workers' compensation insurer, Crawford & Company.

The appropriate standard applicable to the review board when reviewing a decision of a commissioner is well established. "[T]he review [board's] hearing of an appeal from the commissioner is not a de novo hearing of the facts. . . . [I]t is oblig[ated] to hear the appeal on the record and not retry the facts. . . . [T]he power and duty of determining the facts rests on the commissioner, the trier of facts. . . . [T]he conclusions drawn by him from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." (Citations omitted; internal quotation marks omitted.) *Muldoon* v. *Homestead Insulation Co.*, 231 Conn. 469, 475–76, 650 A.2d 1240 (1994); *Crochiere* v. *Board of Education*, 227 Conn. 333, 347, 630 A.2d 1027 (1993). "The commissioner's conclusions are accorded the same deference as that given to similar conclusions of a trial judge or jury on the issue of proximate cause." (Internal quotation marks omitted.) *Muldoon* v. *Homestead Insulation Co.*, supra, 477; *Fair* v. *People's Savings Bank*, 207 Conn. 535, 541, 542 A.2d 1118 (1988).

The question of whether the knee replacement surgery was attributable to the plaintiff's work injury is a question of fact reserved for the commissioner. See *Wright* v. *United Technologies Corp.*, 41 Conn. App. 231, 237, 674 A.2d 1387 (1996). The board's hearing of an appeal from the commissioner is not a de novo hearing of the facts because the power and duty of determining the facts lie with the commissioner. *Muldoon* v. *Homestead Insulation Co.*, supra, 231 Conn. 475–76. We conclude that the board improperly substituted its finding of a fact for that of the commissioner.

The decision of the review board is reversed and the case is remanded with direction to affirm the decision of the commissioner.