LOIS BROWN *v.* STATE OF CONNECTICUT,
DEPARTMENT OF MENTAL HEALTH AND
ADDICTION SERVICES
(AC 21094)

Lavery, C. J., and Flynn and Dupont, Js.

Submitted on briefs September 12—officially released November 13, 2001

*Brian W. Prucker* filed a brief for the appellant (plaintiff).

*Richard Blumenthal,* attorney general, and *Philip M. Schulz* and *William J. McCullough,* assistant attorneys general, filed a brief for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Lois Brown, appeals from the decision of the workers' compensation review board (board) affirming in part and reversing in part the decision by the workers' compensation commissioner (commissioner) dated May 19, 1999. On appeal, the plaintiff claims that the board improperly reversed the portion of the commissioner's decision awarding her temporary total disability benefits for the period of September 15, 1994, to September 29, 1998. We affirm the decision of the board.

The commissioner found that on July 16, 1987, the plaintiff suffered a compensable head, neck and right shoulder injury when a patient assaulted her during the

plaintiff's employment with the defendant. On the basis of the medical reports and office notes of several physicians, the commissioner concluded, in pertinent part, that the plaintiff was temporarily totally disabled from February 3, 1994, until September 29, 1998. The board reversed the commissioner's decision in part, concluding that the award of temporary total disability for the period of September 15, 1994, until September 29, 1998, was unsupported by the evidence.

The standard of review in workers' compensation appeals is well established. "[T]he review [board's] hearing of an appeal from the commissioner is not a de novo hearing of the facts. . . . [I]t is oblig[ated] to hear the appeal on the record and not retry the facts. . . . [T]he power and duty of determining the facts rests on the commissioner, the trier of facts. . . . [T]he conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." (Internal quotation marks omitted.) *Rogers* v. *Laidlaw Transit, Inc.*, 45 Conn. App. 204, 206, 695 A.2d 1071 (1997). "On appeal, the board must determine whether there is any evidence in the record to support the commissioner's findings and award." *Bryan* v. *Sheraton-Hartford Hotel*, 62 Conn. App. 733, 739, 774 A.2d 1009 (2001).

We conclude that the board properly found that the determination of the commissioner, that the plaintiff was temporarily totally disabled from a period past September 15, 1994, through September 29, 1998, was unreasonably drawn from the facts. In arriving at the conclusion that the plaintiff was temporarily totally disabled from February 3, 1994, until September 29, 1998, the commissioner relied on the medical reports and office notes of the plaintiff's physicians, namely, John

Raycroft, Melville Roberts, Anthony Alessi and Pearce Browning. The reports of Raycroft, Roberts and Alessi were all dated from 1992 to 1993, and did not indicate that the plaintiff suffered from a temporary total disability. The only evidence before the commissioner in support of a finding that the plaintiff suffered from temporary total disability was a note from one of her treating physicians, Browning, dated February 3, 1994. Browning's note indicated that the plaintiff was totally disabled.

The plaintiff failed to present any other evidence or documentation demonstrating that she suffered from a temporary total disability that persisted during the period of February, 1994, until September, 1998. Specifically, the plaintiff presented only two medical reports dated subsequent to February 3, 1994, one of which was prepared by Browning and dated September 15, 1994. Browning's report, dated September 15, 1994, did not state that the plaintiff was temporarily totally disabled. Further, the only other report made after February 3, 1994, that was before the commissioner was from Steven Selden, a physician. That report, dated January 23, 1998, did not indicate that the plaintiff was disabled and moreover described her as "getting along fair." Accordingly, the board properly concluded that "[t]his sparse body of recent medical evidence did not provide a sufficient basis for the trier to conclude that the [plaintiff] was totally disabled beyond September, 1994."

The decision of the workers' compensation review board is affirmed.