BANK OF AMERICA, N.A., TRUSTEE *v.* BRIARWOOD
CONNECTICUT, LLC, ET AL.
(AC 33137)

Gruendel, Espinosa and Borden, Js.

Argued February 2—officially released May 22, 2012

*David A. Slossberg,* with whom, on the brief, was
*Russell A. Green,* for the appellant (named defendant).

*Pierre-Yves Kolakowski,* for the appellee (plaintiff).

*Opinion*

BORDEN, J. The defendant Briarwood Connecticut, LLC (Briarwood),[1] appeals from the judgment of strict foreclosure following the granting of the motion for summary judgment in favor of the plaintiff, Bank of America, National Association. On appeal, Briarwood claims that the court improperly: (1) granted the plaintiff's motion for summary judgment without permitting Briarwood the opportunity to obtain limited discovery on its special defense of payment; and (2) pursuant to that special defense, failed to consider the plaintiff's receipt of funds pursuant to the federal Troubled Assets Relief Program.[2] See 12 U.S.C. § 5201 et seq. We affirm the judgment of the trial court.

This appeal arises out of a foreclosure action. On April 28, 2005, Briarwood executed a promissory note, pursuant to which it promised to pay to the order of Deutsche Banc Mortgage Capital, LLC (Deutsche), the principal sum of $13.5 million. The note was secured by a mortgage on a 176 unit apartment complex in North Haven. Richard Belfonti and the defendant Michael Belfonti executed a guaranty agreement in favor of Deutsche. Thereafter, Deutsche conveyed and assigned the note and mortgage to LaSalle Bank National Association (LaSalle).

By terms of a pooling and servicing agreement (agreement) dated June 1, 2005, a trust fund was established, the primary assets of which were mortgage loans, including the loan in question. Pursuant to the agreement, LaSalle was appointed the trustee of the trust. Subsequently, LaSalle merged with and into the

---

[1] Michael Belfonti and Constance E. Belfonti, as executrix of the estate of Richard Belfonti, were also named as defendants but are not parties to this appeal.

[2] In light of our conclusion that the motion for summary judgment was properly granted, we need not reach the merits of Briarwood's second claim.

plaintiff, which succeeded LaSalle as trustee of the trust.

Starting January 1, 2009, and every month thereafter, Briarwood failed to make monthly payments of principal and interest. As a result, this foreclosure action was commenced on September 28, 2009. On December 1, 2009, the plaintiff filed a two count revised complaint. In count one, which was directed at Briarwood, the plaintiff sought foreclosure of the mortgage. In count two, the plaintiff sought to hold the defendants Michael Belfonti and Constance Belfonti, as executrix of the estate of Richard Belfonti,[3] liable for any deficiency judgment. On March 5, 2010, the plaintiff produced more than 2500 pages of documents to Briarwood in response to its request for production, including a complete accounting of the amounts due under the subject loan and a copy of the trust agreement. On May 13, 2010, Briarwood filed its answer and special defenses. On June 29, 2010, the plaintiff moved for summary judgment as to liability only on the first count, on the ground that there was no genuine issue of material fact.

On July 29, 2010, counsel presently representing Briarwood in this appeal filed an in lieu of appearance on behalf of the defendants. Thereafter, on August 13, 2010, the defendants, with the consent of the plaintiff's counsel, filed an amended answer and special defenses, which included the addition of the special defense of payment. On August 24, 2010, Briarwood filed an objection to the motion for summary judgment, claiming that the plaintiff's motion "should be denied as Briarwood should be entitled to obtain discovery and defend this foreclosure proceeding pursuant to its recently filed special defense based on plaintiff's receipt of $45 billion in funds pursuant to the Troubled Assets Relief Program."

---

[3] Richard Belfonti died in September, 2007.

Oral argument on the plaintiff's motion for summary judgment was heard on October 18, 2010. During argument on the motion for summary judgment, the court inquired into what, if any, steps Briarwood had taken toward procuring the sought after information or for obtaining a continuance.[4] Furthermore, during argument, Briarwood conceded that the plaintiff had made a prima facie claim of foreclosure and that the only issue presented for the court's adjudication was the substance of the special defense of payment. After the conclusion of oral argument, Briarwood filed an affidavit seeking a continuance for further discovery pertaining to the special defense of payment.

Thereafter, on October 25, 2010, the court granted summary judgment in favor of the plaintiff on the first count as to liability only. The court noted in its decision that Briarwood "did not seek an extension of time to pursue discovery and did not file any written or oral requests for discovery on the topic of the [s]econd [s]pecial [d]efense [of payment] . . . ." Thereafter, on December 2, 2010, the plaintiff filed a motion for judgment of strict foreclosure. The court held a hearing on the motion, and thereafter, the court rendered a

---

[4] The following exchange took place between the court and Briarwood's counsel during argument on the motion for summary judgment:

"The Court: What have you done? The case is pending for the last year, what have you done to inquire into this defense that you're suggesting?

"[Briarwood's Counsel]: We . . . We've made the request, and there's been no discovery, because there was a motion—that we've asked for discovery.

"The Court: You filed a motion for disclosure of this information?

"[Briarwood's Counsel]: We have not. . . .

"The Court: Have you filed any discovery requests, counsel?

"[Briarwood's Counsel]: We have filed discovery requests, I believe. We . . . asked for discovery, and they've objected. My understanding is they objected to that discovery. So, we're sort of left with—

"The Court: The affidavit was filed to have the court rule on the discovery request?

"[Briarwood's Counsel]: I don't—I don't know there has been . . . ."

judgment of strict foreclosure, finding the debt to be $17,301,810.80 and the fair market value of the property to be $9,450,000. This appeal followed.

Briarwood claims that the court improperly granted the plaintiff's motion for summary judgment because it should have continued the case in order to allow Briarwood to conduct discovery as to its special defense of payment. In response, the plaintiff contends that Briarwood failed to make a timely and proper request for a continuance pursuant to Practice Book § 17-47, and that the court therefore properly granted the motion for summary judgment. We agree with the plaintiff.

At the outset, we note our standard of review. "Summary judgment is appropriate when the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Thus, because the court's decision on a motion for summary judgment is a legal determination, our review on appeal is plenary . . . ." (Internal quotation marks omitted.) *Heussner* v. *Day, Berry & Howard, LLP*, 94 Conn. App. 569, 572–73, 893 A.2d 486, cert. denied, 278 Conn. 912, 899 A.2d 38 (2006).

Briarwood argues that its special defense of payment warrants denial of the plaintiff's motion for summary judgment so that it can have sufficient time for discovery. Specifically, Briarwood argues that the court's ruling exalts form over substance and ignores the unjust outcome of denying it an opportunity for discovery on its special defense. Briarwood contends that it made it clear in its objection to the summary judgment motion that it needed more time for discovery. It is this "good faith" effort, as described by Briarwood, that it claims should have been honored by the court as a proper request for leave to conduct discovery. A review of our

relevant decisional law, however, does not support such a claim.

Practice Book § 17-47 provides: "Should it appear from the affidavits of a party opposing the motion that such party cannot, for reasons stated, present facts essential to justify opposition, the judicial authority may deny the motion for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just." Our Supreme Court in *Peerless Ins. Co.* v. *Gonzalez*, 241 Conn. 476, 489, 697 A.2d 680 (1997), discussed the burden that Practice Book § 17-47 puts on a party opposing a summary judgment motion: "A party opposing a summary judgment motion pursuant to § 382 [now Practice Book § 17-47] on the ground that more time is needed to conduct discovery bears the burden of establishing a valid reason why the motion should be denied or its resolution postponed, including some indication as to what steps that party has taken to secure facts necessary to defeat the motion." Furthermore, under Practice Book § 17-47, "the opposing party must show by affidavit precisely what facts are within the exclusive knowledge of the moving party and what steps he has taken to attempt to acquire these facts." *Dorazio* v. *M. B. Foster Electric Co.*, 157 Conn. 226, 230, 253 A.2d 22 (1968).

In *Dorazio*, without filing an affidavit or motion requesting a continuance, the plaintiff argued at oral argument on the motion for summary judgment that facts potentially relevant to material issues in the case were within the exclusive knowledge of the defendants and difficult to obtain, and, therefore, the court should grant a continuance. Id., 229. Our Supreme Court rejected this argument, citing the relevant provision of the rules of practice and stating that a party who opposes a motion for summary judgment, but who is unable to present the necessary evidence or affidavits,

must file an explanatory affidavit setting forth the reasons for his noncompliance. Id., 229–30. The court further stated that "[a] party cannot successfully oppose a motion for summary judgment by merely averring that the defendant has exclusive knowledge about certain facts or that affidavits based on personal knowledge are difficult to obtain." Id., 230.

Similarly, in *Altfeter* v. *Naugatuck*, 53 Conn. App. 791, 732 A.2d 207 (1999), the trial court refused to consider a motion for a continuance that did not comply with the requirements of Practice Book § 17-47. In that case, the defendant filed his motion for summary judgment on June 30, 1997, and oral argument was scheduled for October 14, 1997. Id., 806. The plaintiffs failed to object to the motion for summary judgment or to submit an affidavit demonstrating that there were genuine issues of material fact. Id., 802. On the day of oral argument, however, the plaintiffs filed an affidavit, seeking a continuance to obtain facts to oppose the motion for summary judgment. Id., 802 n.10. The trial court refused to consider the affidavit. Id. On appeal, the plaintiffs claimed that the trial court abused its discretion in denying the motion for a continuance. Id., 805. In affirming the decision, this court noted that the plaintiffs had more than three months in which to file a memorandum and affidavits in opposition to the motion for summary judgment, and that well before the short calendar argument, the plaintiffs knew that they needed more time to oppose the summary judgment motion. Id., 807. Accordingly, this court concluded that the trial court did not abuse its discretion in denying the motion for a continuance and granting the summary judgment motion. Id.

Here, the plaintiff's motion for summary judgment was filed on June 29, 2010. The matter was not argued at short calendar until October 18, 2010, yet Briarwood

did not file its affidavit requesting more time for discovery until oral argument concluded on October 18, 2010. Thus, Briarwood had more than two months in which to file an affidavit pursuant to Practice Book § 17-47 in order to obtain a continuance. Yet, even though Briarwood knew that it needed more time for discovery in order to oppose the summary judgment motion properly, well before the date of the short calendar argument, for reasons unclear to this court, Briarwood did not file the affidavit required by Practice Book § 17-47 until after the conclusion of oral argument. Thus, the trial court was justified in its refusal to consider the late filed affidavit. Furthermore, the record indicates that Briarwood had already successfully conducted extensive discovery, albeit not on the specific special defense of payment. Thus, Briarwood knew that discovery was available to it without hindrance by the plaintiff.

Furthermore, our case law makes it clear that a party contending that it needs to conduct discovery to respond to a motion for summary judgment must do more than merely claim the information needed is within the possession of the opposing party. See *Dorazio* v. *M. B. Foster Electric Co.*, supra, 157 Conn. 230 (party is required to "show by affidavit precisely what facts are within the exclusive knowledge of the moving party and what steps he has taken to attempt to acquire these facts"). It is clear that Briarwood has not satisfied this burden. Briarwood's "good faith" request for discovery consisted of three general statements regarding the need for discovery, which were made in its objection to the motion for summary judgment, not in an affidavit. Furthermore, there was no discussion of any steps that had been taken in an attempt to acquire the information sought in discovery. Accordingly, Briarwood did not comply with the requirements of Practice Book § 17-47.[5]

[5] Even if the October 18, 2010 affidavit were deemed timely and therefore should have been considered by the court, it is unlikely that the court would have found it to satisfy the requirements of Practice Book § 17-47. The

Furthermore, during oral argument before this court, Briarwood's counsel argued that we should take into consideration the fact that his firm did not become involved in this case until July 29, 2010, and that, as a result, the special defense of payment was not filed until August 12, 2010.[6] Briarwood's counsel therefore asks this court to ignore the fact that this case had been going on for more than a year, and to consider only the amount of time that had transpired since counsel entered an appearance in the case. We decline to do so. The clock does not reset merely because new counsel has been retained; counsel must take their clients

relevant sections of the affidavit stated: "[6.] On August 24, 2010, Briarwood filed its [o]bjection to [p]laintiff's [m]otion for [s]ummary [j]udgment. In its objection, Briarwood requested that it be 'afforded the opportunity to obtain discovery as to this [payment] defense prior to the Court's ruling on summary judgment. Such discovery would include the amount of TARP [Troubled Assets Relief Program] funds received by [p]laintiff, when such funds were received, whether the [l]oan that is subject of this case was one of the 'troubled assets' that was purchased and, if so, how [p]laintiff used the funds'. . . . [7.] Furthermore, in its [r]eply to [p]laintiff's [s]upplemental [m]emorandum in [s]upport of its [m]otion for [s]ummary [j]udgment, Briarwood indicated that it needed discovery to 'determine what interests Bank of America, as trustee, has in the trust [that holds the subject note]' in order to combat [p]laintiff's argument that the payment defense is legally insufficient because [p]laintiff is merely serving as trustee." (Citations omitted.) This language in the affidavit regarding what information is needed by Briarwood merely quotes the language of its objection to the motion for summary judgment as well as its reply to the plaintiff's supplemental memorandum. It is not clear at all that these statements provide the specificity required by the relevant case law.

More importantly, the affidavit provides no indication as to what steps, if any, Briarwood had taken to procure the sought after information. See *Peerless Ins. Co.* v. *Gonzalez*, supra, 241 Conn. 489 ("[a] party opposing a summary judgment motion pursuant to § 382 [now Practice Book § 17-47] on the ground that more time is needed to conduct discovery bears the burden of establishing a valid reason why the motion should be denied or its resolution postponed, including some indication as to what steps that party has taken to secure facts necessary to defeat the motion"). The failure to indicate in the affidavit what attempts had been made to acquire the sought after information has been found to warrant denial of a request for a continuance. See *Great Country Bank* v. *Pastore*, 241 Conn. 423, 438, 696 A.2d 1254 (1997).

[6] The record reveals that the special defense was filed on August 13, 2010.

as they find them. Nor does the fact that prior counsel did not file this particular special defense provide current counsel with an inherent extension of time in order to properly support such a defense. Furthermore, regardless of how long the case had been ongoing prior to current counsel's involvement, oral argument on the motion for summary judgment did not take place until October 18, 2010, more than two months after counsel filed the special defense. A review of the record reveals no reason as to why the required affidavit could not have been filed in that time.

The judgment is affirmed and the case is remanded for the purpose of setting a new law day.

In this opinion the other judges concurred.