## MATTHEW ANGUISH *v.* TLM, INC., ET AL.
### (AC 18076)

Spear, Sullivan and Dupont, Js.

Argued February 23—officially released May 11, 1999

*Stewart M. Casper*, with whom, on the brief, were *Victoria de Toledo* and *Gwendolyn Field Noto*, for the appellant (plaintiff).

*Jason M. Dodge*, with whom were *Theodore M. Pappas* and, on the brief, *David M. Tilles*, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff employee appeals from the dismissal of his appeal to the workers' compensation review board (board). The plaintiff claims that the board improperly approved the defendant employer's notice to discontinue his temporary total disability benefits.[1] He argues that there should have been a formal hearing for the commissioner to approve the discontinuance and that the failure to have such a hearing is a violation of his due process rights guaranteed by the fourteenth amendment to the United States constitution. We affirm the dismissal.

---

[1] The notice is designated as form 36 of the workers' compensation commission of Connecticut.

The facts are not in dispute. The plaintiff suffered a compensable back injury in 1986 and received temporary total disability benefits through 1994. The plaintiff's employer filed a form 36 notice dated August 31, 1994, seeking to discontinue the benefits because the plaintiff, according to the plaintiff's treating physician, had reached maximum medical improvement. At the request of the plaintiff, an informal hearing was held and the workers' compensation commissioner withheld ruling until the result of an independent medical examination was available. After it was available, the commissioner approved the discontinuation of benefits retroactive to August 31, 1994. That decision was appealed, and the board remanded the case to the commissioner for a formal hearing.[2]

On remand, the commissioner found that the plaintiff's temporary total disability benefits were reinstated on August 2, 1995, because of his need for additional surgery. The commissioner revoked the prior granting of the discontinuance and found that the plaintiff should have received benefits from January 9, 1995, the actual discontinuance date, through August 2, 1995.

The plaintiff appealed to the board claiming again that the informal hearing, which was the subject of his prior appeal, was unconstitutional. The board dismissed the second appeal because the constitutionality of the procedure had already been discussed in the first appeal, and because the board could not give the plaintiff any practical relief since his temporary total disability benefits had already been reinstated.

---

[2] When considering that appeal, the board stated that the term "hearing" as used in General Statutes § 31-296 means an emergency informal hearing to be held as soon as possible, but that the employee had the right to challenge the notice in a subsequent formal hearing. The board recognized the due process right of an employee to a formal hearing to be held at the request of an employee after the holding of an initial informal hearing.

The plaintiff claims that, although his particular claim is moot, the issue he raises should be decided as an exception to the usual rule that precludes review. He argues that the question of the constitutionality of form 36 proceedings is capable of repetition, while evading review. We conclude that this is not a case requiring a review of what would otherwise be moot. *Loisel* v. *Rowe*, 233 Conn. 370, 388, 660 A.2d 323 (1995). We also conclude that the plaintiff cannot be afforded any further practical relief at this time because his benefits have been reinstated. Furthermore, the plaintiff had a formal hearing after the board agreed with him in his first appeal that his due process rights entitled him to a formal hearing.

The dismissal of the plaintiff's appeal by the workers' compensation review board is affirmed.