******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

SEASIDE NATIONAL BANK AND TRUST
*v.* GERALD LUSSIER
(AC 39040)

Keller, Elgo and Beach, Js.

*Syllabus*

The plaintiff bank sought to foreclose a mortgage on certain real property
owned by the defendant. After the plaintiff filed a motion for summary
judgment as to liability, the defendant filed a motion for a thirty day
extension of time to respond, which the trial court granted. On the day
of a hearing on the motion for summary judgment, the defendant filed
an objection, stating that he needed more time to conduct discovery,
and requested a continuance pursuant to the applicable rule of practice
(§ 17-47), claiming that he needed to depose the affiant on whose testi-
mony the plaintiff relied to support its summary judgment motion. The
trial court granted the defendant one week to respond to the plaintiff's
motion for summary judgment, and three weeks later, the defendant
filed an affidavit in opposition. Subsequently, the trial court granted the
plaintiff's motion for summary judgment as to liability, and also granted
the plaintiff's motion for a protective order to prohibit the deposition
of the affiant. The plaintiff then moved for a judgment of strict foreclo-
sure, and on the day of that hearing, the defendant filed an objection,
claiming that he needed to depose the plaintiff's affiant before the court
entered final judgment. The trial court overruled the defendant's objec-
tion and rendered a judgment of strict foreclosure. On the defendant's
appeal to this court, *held*:

1. The trial court properly granted the plaintiff's motion for summary judg-
   ment as to liability; the affidavit submitted by the defendant in opposition
   to the motion for summary judgment recited a history of the course of
   dealing and suggested amounts by which he reportedly believed he was
   overcharged, but provided no evidence supporting the conclusion of
   overcharge or showing the allegedly correct amount, the defendant
   admitted in his affidavit that he stopped paying his mortgage in its
   entirety, and evidence showing that the defendant believed that he was
   not in default was not sufficient to create a genuine issue of fact regarding
   liability in light of his admission that he stopped making payments and
   the evidence submitted by the plaintiff showing that he defaulted under
   the terms of his note.

2. The trial court did not abuse its discretion by denying the defendant the
   opportunity to depose the plaintiff's affiant; where, as here, the defen-
   dant had an opportunity to conduct discovery but failed to take advan-
   tage of that opportunity and requested more time, the issue is whether
   the court's action as to any requested continuance constituted an abuse
   of discretion, and the court here, in denying the defendant's requests
   for further continuances, did not abuse its discretion and found that
   because the defendant had over a year and a half to conduct discovery
   and had not done so, he could not defeat the motion for summary
   judgment by asserting that he needed an opportunity to conduct dis-
   covery.

3. The defendant's claim that the trial court abused its discretion in denying
   his request for a continuance was unavailing; given that the defendant
   had had over a year and a half to conduct discovery and had not done
   so, that court did not abuse its discretion in granting the defendant only
   one week to respond to the plaintiff's motion for summary judgment,
   and it did not abuse its discretion in overruling the defendant's objection
   to the plaintiff's motion for a judgment of strict foreclosure, which was
   predicated on the defendant's stated need to depose the plaintiff's affiant.

Argued May 17—officially released October 16, 2018

*Procedural History*

Action to foreclose a mortgage on certain real prop-
erty owned by the defendant, and for other relief,
brought to the Superior Court in the judicial district of

Middlesex, where the court, *Aurigemma, J.*, granted the plaintiff's motion for summary judgment as to liability only; thereafter, the court granted the plaintiff's motion for a judgment of strict foreclosure and rendered judgment thereon, from which the defendant appealed to this court. *Affirmed*.

*Michael J. Habib*, for the appellant (defendant).

*Christopher J. Picard*, for the appellee (plaintiff).

*Opinion*

BEACH, J. The defendant, Gerald Lussier, also known as Gerald J. Lussier, appeals from the judgment of strict foreclosure rendered in favor of the plaintiff, Seaside National Bank & Trust. On appeal, the defendant claims that the trial court (1) improperly granted the plaintiff's motion for summary judgment as to liability, (2) violated his constitutional right to procedural due process by denying him the opportunity to depose the plaintiff's affiant upon whose testimony the court relied in rendering judgment, and (3) abused its discretion in denying his request for a continuance pursuant to Practice Book § 17-47 and in granting the plaintiff's motion for a protective order. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our discussion. The defendant executed an adjustable rate note, dated July 16, 2009, in favor of Taylor, Bean & Whitaker Mortgage Corporation (Taylor Bean) in the principal amount of $318,131. To secure the note, the defendant executed and delivered a mortgage to Mortgage Electronic Registration System, Inc. (MERS), as nominee for Taylor Bean, on property located at 9 Patterson Place in Old Saybrook, which mortgage was duly recorded. The note was endorsed twice, first by Taylor Bean to the plaintiff and second by the plaintiff in blank. MERS assigned the mortgage to the plaintiff; this assignment was recorded on April 2, 2015.

Following a dispute over the amount of monthly mortgage payments and the defendant's decision to stop making payments, the plaintiff commenced the underlying foreclosure action on January 14, 2014. After unsuccessful mediation, the plaintiff filed a motion for summary judgment as to liability on July 17, 2015. The defendant filed a motion for a thirty day extension of time to respond to the motion. The court granted the defendant's motion and the motion for summary judgment was marked ready for a hearing for August 31, 2015. On that day, the defendant filed an objection to the plaintiff's motion for summary judgment, stating that he needed more time to conduct discovery. The defendant also filed a request for a continuance pursuant to Practice Book § 17-47, claiming that he needed to depose the affiant upon whose testimony the plaintiff was relying in support of its motion for summary judgment. On the same day, the defendant's counsel sent a notice of deposition to the plaintiff. The plaintiff subsequently filed a motion for a protective order to prohibit the deposition of the affiant, which the court granted on October 5, 2015.

The court granted the defendant one week to respond to the plaintiff's motion for summary judgment. On September 21, 2015, the defendant responded by filing an affidavit in opposition to the plaintiff's motion for sum-

mary judgment. On September 25, 2015, the court granted the plaintiff's motion for summary judgment as to liability. The plaintiff subsequently moved for a judgment of strict foreclosure. On March 7, 2016, the day of the hearing for the motion for a judgment of strict foreclosure, the defendant filed an objection to that motion, claiming that he needed to depose the plaintiff's affiant before the court entered final judgment. After hearing argument, the court overruled the defendant's objection and rendered a judgment of strict foreclosure. This appeal followed. Additional facts will be set forth as necessary.

## I

The defendant first claims that the court improperly granted the motion for summary judgment as to liability. Specifically, the defendant argues that there was a genuine issue of material fact as to whether the defendant had defaulted on his mortgage. We disagree.

"Our review of the trial court's decision to grant [a] motion for summary judgment is plenary. . . . [I]n seeking summary judgment, it is the movant who has the burden of showing . . . the absence of any genuine issue as to all the material facts [that], under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . .

"In order to establish a prima facie case in a mortgage foreclosure action, the plaintiff must prove by a preponderance of the evidence that it is the owner of the note and mortgage, that the defendant mortgagor has defaulted on the note and that any conditions precedent to foreclosure, as established by the note and mortgage, have been satisfied. . . . Thus, a court may properly grant summary judgment as to liability in a foreclosure action if the complaint and supporting affidavits establish an undisputed prima facie case and the defendant fails to assert any legally sufficient special defense. . . .

"A party opposing summary judgment must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment. . . . In other words, [d]emonstrating a genuine issue of material fact requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred. . . . A material fact is one that will make a difference in the result of the case. . . . To establish the existence of a [dispute as to a] material fact, it is not enough for the party opposing summary judgment merely to assert the existence of a disputed issue. . . . Such assertions are insufficient regardless of whether they are contained in a complaint or a brief. . . . Further, unadmitted allegations in the pleadings do not constitute proof of the existence of a

genuine issue as to any material fact . . . . The issue must be one which the party opposing the motion is entitled to litigate under [its] pleadings and the mere existence of a factual dispute apart from the pleadings is not enough to preclude summary judgment." (Citations omitted; internal quotation marks omitted.) *Bank of New York Mellon* v. *Horsey*, 182 Conn. App. 417, 435–36, 190 A.3d 105 (2018).

In support of its motion for summary judgment, the plaintiff submitted an affidavit stating that it was the holder of the note prior to commencing the foreclosure action against the defendant. The affidavit stated further that the defendant "failed to make monthly mortgage payments as required by the loan documents since the payment due July 1, 2013, and for each and every month thereafter" and that the defendant was "in default under the loan documents for failure to make payments as required by the terms of the note and mortgage."

The defendant filed an objection to the plaintiff's motion for summary judgment, stating that he intended to file a memorandum of law in opposition to the motion after he completed discovery, for which he needed more time. The defendant did not subsequently file a memorandum, but rather filed an affidavit, in which he was the affiant, in opposition to the plaintiff's motion for summary judgment. The affidavit recited in relevant part that in January, 2012, the mortgage servicer (servicer) increased the amount of his monthly mortgage payments, and attributed the increase to changes in required escrow payments for taxes and insurance. The affidavit stated further that the defendant paid the increased amounts for more than a year, but he stopped making payments because he didn't believe that the servicer properly could account for the increased escrow amount. The defendant sought explanations from the servicer, who did not satisfactorily respond. The defendant stated in the affidavit that he then stopped making what he believed to be overpayments. He offered instead to pay the lower monthly amount that he had paid in the past, but the servicer refused to accept the lower amount.

The defendant presented evidence showing that he disputed the calculation of his escrow payments, but the defendant's insistence in his affidavit that he did not consider himself to be in default, even though he stopped making payments, was not sufficient to create a genuine issue of material fact as to his default under the terms of the note and mortgage. There were no *facts* in the affidavit tending to show the allegedly correct amount, or, more critically, to show that he had paid the correct amount. "A party opposing summary judgment must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . A party may not rely on mere speculation or conjecture

as to the true nature of the facts to overcome a motion for summary judgment. . . . A material fact is one that will make a difference in the result of the case." (Citation omitted; internal quotation marks omitted.) *Bank of New York Mellon* v. *Horsey*, supra, 182 Conn. App. 436; see also *Fidelity Bank* v. *Krenisky*, 72 Conn. App. 700, 715–16, 807 A.2d 968 (no genuine issue of material fact despite timely payments for nine years but subsequent failure to make timely tax payments), cert. denied, 262 Conn. 915, 811 A.2d 1291 (2002).

We carefully have reviewed the affidavit submitted by the defendant in opposition to the motion for summary judgment. It recites a history of the course of dealing and, together with an attached copy of an email, suggests amounts by which the defendant reportedly believed he was overcharged. There is, however, no *evidence* supporting the conclusion of overcharge, and *the defendant admitted in his affidavit that he stopped paying his mortgage in its entirety.* Evidence showing that the defendant believed that he was not in default was not sufficient to create a genuine issue of fact regarding liability in light of his admission that he stopped making payments and evidence submitted by the plaintiff that he defaulted under the terms of the note. Accordingly, we conclude that the court properly granted the plaintiff's motion for summary judgment.

## II

The defendant next claims that the trial court violated his constitutional right to procedural due process by denying him the opportunity to depose the plaintiff's affiant upon whose testimony the court relied in rendering judgment.[1] Specifically, the defendant argues that a deposition of the plaintiff's affiant was necessary to rebut the facts tending to show that he was in default and to rebut the presumption that the plaintiff was in possession of the note at the time it commenced this foreclosure action.[2] We disagree.

The defendant's due process claim presents an issue of law over which our review is plenary. *In re Shaquanna M.*, 61 Conn. App. 592, 600, 767 A.2d 155 (2001). "Our due process inquiry takes the form of a two part analysis. [W]e must determine whether [the defendant] was deprived of a protected interest, and, if so, what process was [he] due. . . . The fundamental requisite of due process of law is the opportunity to be heard. . . . The hearing must be at a meaningful time and in a meaningful manner. . . . [T]hese principles require that a [party] have . . . an effective opportunity to defend by confronting any adverse witnesses and by presenting his own arguments and evidence orally." (Citations omitted; internal quotation marks omitted.) *Pagan* v. *Carey Wiping Materials Corp.*, 144 Conn. App. 413, 418–19, 73 A.3d 784, cert. denied, 310 Conn. 925, 77 A.3d 142 (2013). "Inquiry into whether particular procedures are constitutionally mandated in a given

instance requires adherence to the principle that due process is flexible and calls for such procedural protections as the particular situation demands. . . . There is no per se rule that an evidentiary hearing is required whenever a liberty [or property] interest may be affected. Due process . . . is not a technical conception with a fixed content unrelated to time, place and circumstances." (Internal quotation marks omitted.) Id., 418.

The defendant relies primarily on *In re Shaquanna M.*, supra, 61 Conn. App. 592, and *RKG Management, LLC* v. *Roswell Sedona Associates, Inc.*, 142 Conn. App. 366, 68 A.3d 1169 (2013), for the proposition that a denial of the right to cross-examine the affiant who signed the plaintiff's affidavit in support of its motion for summary judgment violated his right to due process. His reliance is misplaced.

The facts of the cases relied on differ markedly from those of the present case. *In re Shaquanna M.*, supra, 61 Conn. App. 593–94, was a case in which the respondent's parental rights were terminated. During trial, the lawyer serving as the attorney for the minor children and as guardian ad litem died, and the replacement was denied the opportunity to obtain and read a transcript of prior testimony in the trial which he had not heard. Id., 595–96. This court held that, in light of the constitutional interest inherent in the parental relationship, the denial of the continuance for the purpose of obtaining the transcripts affected the ability to defend a constitutionally protected right, and, following a *Mathews* v. *Eldridge*[3] analysis, held that the respondent's right to due process had been violated. Id., 608.

*RKG Management, LLC* v. *Roswell Sedona Associates, Inc.*, supra, 142 Conn. App. 367, involved the foreclosure of a mechanic's lien. A witness for the plaintiff testified at trial about the work done on the subject premises but refused to return to court to be cross-examined. Id., 370–71. Despite a request, the trial court refused to strike the witness' testimony and, rather, relied on information provided by the errant witness. Id., 376–77. On these facts, this court held that the defendant's constitutionally protected right to cross-examination had been violated. Id., 378–79.

It is undoubtedly correct, then, that the denial of the opportunity to cross-examine, as in *RKG Management*, or the denial of the opportunity to prepare for trial, as in *In re Shaquanna M.*, may implicate constitutionally protected rights. Where the party has such an opportunity, but fails to take advantage of that opportunity, the considerations are different.

Due process requires the *opportunity* to be heard; where a party has the opportunity to pursue due process but requests more time, the issue is whether the court's action as to any requested continuance constitutes an

abuse of discretion. *State* v. *Bethea*, 167 Conn. 80, 83–84, 355 A.2d 6 (1974); see also *Glastonbury Coalition for Sensible Growth* v. *Conservation Commission of Glastonbury*, Superior Court, judicial district of Hartford, Docket No. CV-02-0820726 (Feb. 10, 2004); *Spilke* v. *Spilke*, Superior Court, judicial district of New Haven, Docket No. FA-00-0440636S (March 15, 2002); Practice Book § 17-47 ("the judicial authority *may* deny the motion for judgment or *may* order a continuance to permit affidavits to be obtained or discovery to be had or *may* make such other order as is just" [emphasis added]).

As we previously recited, the court denied the defendant's requests for further continuances to depose the affiant. The court's entire ruling in its memorandum of decision is: "Where, as in the present case, the defendant has had over a year and a half to conduct discovery and has done none, he cannot defeat a motion for summary judgment by asserting that he now needs an opportunity to conduct discovery."

### III

The defendant's final claim is that the trial court abused its discretion in denying his Practice Book § 17-47 request for continuance and in granting the plaintiff's motion for a protective order. Specifically, the defendant argues that in denying his request the court focused on "improper and irrelevant considerations," such as the time spent in mediation and the time granted to the defendant after a previous motion for a continuance he had filed under Practice Book § 17-45. Instead, the defendant argues, the court should have specifically addressed the "merits of [his] request" and considered the importance of the discovery sought, namely, the need to rebut the presumption that the plaintiff had standing. The defendant essentially makes the same arguments in support of his claim that the trial court abused its discretion in granting the plaintiff's motion for a protective order. We are not persuaded.

"In the absence of an abuse of discretion, a trial court's decision to deny a motion for continuance pursuant to Practice Book § 382 [now Practice Book § 17-47] will not be interfered with by an appellate court. . . . If a party opposing summary judgment has had ample opportunity to procure the information necessary to defeat the motion, a trial court properly may deny a continuance. . . . Furthermore, [u]nder [Practice Book § 17-47], the opposing party must show by affidavit precisely what facts are within the exclusive knowledge of the [party to be deposed] and what steps he has taken to attempt to acquire these facts." (Citations omitted; internal quotation marks omitted.) *Great Country Bank* v. *Pastore*, 241 Conn. 423, 437–38, 696 A.2d 1254 (1997).

After unsuccessful mediation and in response to the

plaintiff's demand for a disclosure of defense, the defendant, on May 20, 2015, filed a disclosure of defense stating in relevant part that he "intend[ed] to challenge the plaintiff's alleged right and standing to foreclose upon the subject mortgage in a manner that is consistent with [our] Supreme Court's holding in *J.E. Robert Co.* v. *Signature* [*Properties*], *LLC,* 309 Conn. 307, [71 A.3d 492] (2013)."[4] The defendant also filed an answer that same day. Nearly two months later, on July 17, 2015, the plaintiff filed its motion for summary judgment. On July 22, the defendant, pursuant to Practice Book (2015) § 17-45,[5] filed a request for a continuance for thirty days, which the trial court granted, continuing the hearing for the motion to August 31. On August 31, the defendant filed an objection to the motion for summary judgment, along with his request for a continuance under Practice Book § 17-47. The defendant's objection stated simply that he needed time to complete discovery necessary to oppose the motion for summary judgment. Alternatively, the objection asked that the trial court deny the plaintiff's motion pursuant to Practice Book § 17-47.[6] At the conclusion of a colloquy with counsel, the court extended a week in which to file "whatever you want to file . . . ."

The issue of whether a court has abused its discretion in denying a continuance is not novel. In *Great Country Bank* v. *Pastore,* supra, 241 Conn. 437–38, our Supreme Court noted specifically that a trial court has the discretion to deny a Practice Book § 17-47 request where the proponent of the request has had ample opportunity to procure the information necessary to contest a motion for summary judgment. In *Altfeter* v. *Naugatuck,* 53 Conn. App. 791, 805–807, 732 A.2d 207 (1999), this court concluded that the trial court did not abuse its discretion in denying a continuance when the plaintiffs' request for time to gather information to oppose a motion for summary judgment was untimely and the plaintiffs had known for more than three months that they would need time to respond to the motion. The court cited *Plouffe* v. *New York, N.H. & H.R. Co.,* 160 Conn. 482, 490, 280 A.2d 359 (1971), as follows: "Where, however, the party opposing summary judgment timely presents his affidavit . . . stating reasons why he is presently unable to proffer evidentiary affidavits he directly and forthrightly invokes the trial court's discretion. Unless dilatory or lacking in merit, the motion should be liberally treated. Exercising a sound discretion the trial court then determines whether the stated reasons are adequate. And, absent abuse of discretion, the trial court's determination will not be interfered with by the appellate court." (Internal quotation marks omitted.) *Altfeter* v. *Naugatuck,* supra, 806. Similarly, in *Bank of America, N.A.* v. *Briarwood Connecticut, LLC,* 135 Conn. App. 670, 676–77, 43 A.3d 215 (2012), this court upheld the trial court's denial of a Practice Book § 17-47 continuance because the defendant had

had more than two months to file an affidavit and obtain a continuance. In the present case, the trial court observed that the defendant had had since February, 2015, after the mediation terminated, to attempt discovery.

As noted in the court's September 25, 2015 memorandum of decision, "the defendant has had over a year and a half to conduct discovery and has done none . . . ." Under these circumstances, the court did not abuse its discretion in granting the defendant only one week to respond to the plaintiff's motion for summary judgment after his Practice Book § 17-47 request. We also conclude that the trial court did not abuse its discretion in overruling the defendant's objection to the motion for a judgment of strict foreclosure, which was predicated on the defendant's stated need to depose the plaintiff's affiant.[7]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The defendant claims a due process violation under both the fifth amendment to the the United States constitution and article first, § 8, of the Connecticut constitution. Because the defendant does not supply a "state constitutional analysis of [his] claim pursuant to *State* v. *Geisler*, 222 Conn. 672, 684–86, 610 A.2d 1225 (1992), we deem that claim abandoned and analyze [his] . . . arguments under the requirements of the United States constitution." (Internal quotation marks omitted.) *Pagan* v. *Carey Wiping Materials Corp.*, 144 Conn. App. 413, 417 n.10, 73 A.3d 784, cert. denied, 310 Conn. 925, 77 A.3d 142 (2013).

[2] "[A] holder of a note is presumed to be the owner of the debt, and unless the presumption is rebutted, may foreclose the mortgage . . . ." *Countrywide Home Loans Servicing, LP* v. *Creed*, 145 Conn. App. 38, 48, 75 A.3d 38, cert. denied, 310 Conn. 936, 79 A.3d 889 (2013).

[3] See *Matthews* v. *Eldridge*, 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). "The three factors to be considered are (1) the private interest that will be affected by the state action, (2) the risk of an erroneous deprivation of such interest, given the existing procedures, and the value of any additional or alternate procedural safeguards, and (3) the government's interest, including the fiscal and administrative burdens attendant to increased or substitute procedural requirements." *In re Shaquanna M.*, supra, 61 Conn. App. 606.

[4] Although the defendant's disclosure of defense states that "[t]he *plaintiff* intends to challenge the plaintiff's alleged right and standing"; (emphasis added); we understand this to be a typographical error and read it to mean that the defendant intended to challenge the plaintiff's standing.

[5] Practice Book (2015) § 17-45 provided that "[a] motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. Any adverse party may, within ten days of the filing of the motion with the court, file a request for extension of time to respond to the motion. The clerk shall grant such request and cause the motion to appear on the short calendar not less than thirty days from the filing of the request. Any adverse party shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings."

[6] Practice Book § 17-47 provides: "Should it appear from the affidavits of a party opposing the motion that such party cannot, for reasons stated, present facts essential to justify opposition, the judicial authority may deny the motion for judgment or may order a continuance to permit affidavits

to be obtained or discovery to be had or may make such other order as is just.''

[7] The following exchange is pertinent to the trial court's denial of the defendant's objection to the plaintiff's motion for a judgment of strict foreclosure:

''[The Defendant's Counsel]: The objection, Your Honor, is that we had requested a deposition of the plaintiff's affiant which it relied upon to seek a judgment on liability with the court. When we set up that deposition, the plaintiff filed a motion for protective order which was granted by the court.

''Your Honor, we think the recent case cited from the Appellate Court in which the Appellate Court overturned a judgment for foreclosure on the basis that the defendant was denied the right to cross-examine a key witness in the case, which we believe we have here, Your Honor. The plaintiff's affiant was necessary for its claim for judgment in this case and to enter a final judgment without . . . having the opportunity to cross-examine, Your Honor, we believe violates due process protections under both the federal and state constitutions.

''The Court: Well . . . there were eleven mediations here. There was no trial. So there was no inability to cross-examine anyone. There was no defense disclosed. Summary judgment was granted. So I'm going to have to overrule your objection.''

―――――――――――――――――