JULIO FLAMENCO *v.* INDEPENDENT REFUSE
SERVICE, INC., ET AL.
(AC 32881)

Gruendel, Espinosa and Lavery, Js

Argued May 19—officially released July 19, 2011

*Alan Scott Pickel,* for the appellant (plaintiff).

*Opinion*

GRUENDEL, J. The plaintiff, Julio Flamenco, appeals from the decision of the workers' compensation review board (board), which dismissed his petition for review of the decision of the workers' compensation commissioner for the seventh district (commissioner) imposing a sanction of $100 following his counsel's late appearance at an informal hearing. The plaintiff contends that the commissioner improperly imposed the sanction in violation of his right to fundamental fairness in administrative proceedings. We reverse the decision of the board.

The undisputed facts, gleaned from the record before us, are as follows. The plaintiff sustained an injury on December 17, 2007, and thereafter instituted a claim for workers' compensation benefits against the defendant Independent Refuse Service, Inc.[1] An informal hearing before the commissioner was scheduled for 9 o'clock in the morning of September 28, 2010. The plaintiff's counsel, attorney Alan Scott Pickel, arrived for that hearing at 9:55 a.m. Without conducting an evidentiary hearing or affording Pickel an opportunity to be heard, the commissioner on that date imposed a sanction, pursuant to General Statutes §§ 31-288 and 31-300, of $100 "for [his] late appearance at a duly noticed hearing resulting in undue delay."

---

[1] By motion dated February 9, 2011, the defendant employer notified this court that it had no interest in the present appeal. We then ordered that the appeal would be considered on the basis of the record and the plaintiff's brief alone. The third party administrator of the defendant's workers' compensation plan, The Hartford, was also a defendant in the proceedings before the commissioner and the board, but has not participated in this appeal.

From that decision, the plaintiff appealed to the board, which dismissed the plaintiff's petition for review. In its order, the board stated: "No record exists. Absent a record, this board cannot properly consider an appeal under [General Statutes §] 31-301." The board thus dismissed the appeal and remanded the matter to the commissioner "for a formal hearing or other appropriate proceedings." This appeal followed.[2]

At the outset, we note the standard under which we review the plaintiff's claim. "The board sits as an appellate tribunal reviewing the decision of the commissioner . . . . [T]he power and duty of determining the facts rests on the commissioner. . . . The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . Once the commissioner makes a factual finding, [we are] bound by that finding if there is evidence in the record to support it." (Citations omitted; internal quotation marks omitted.) *Williams* v. *State*, 124 Conn. App. 759, 763–64, 7 A.3d 385 (2010).

On appeal, the plaintiff claims that the commissioner imposed the sanction in violation of his right to fundamental fairness.[3] As this court has observed, "[a]dministrative hearings, including those held before workers'

[2] We note that the board's order dismissing the plaintiff's petition for review is appealable pursuant to General Statutes § 31-301b, which provides: "Any party aggrieved by the decision of the Compensation Review Board upon any question or questions of law arising in the proceedings may appeal the decision of the Compensation Review Board to the Appellate Court, whether or not the decision is a final decision within the meaning of section 4-183 or a final judgment within the meaning of section 52-263."

[3] Although the plaintiff alleges a due process violation, his claim more properly is described as a violation of the right to fundamental fairness. See *Grimes* v. *Conservation Commission*, 243 Conn. 266, 273 n.11, 703 A.2d 101 (1997); *Megin* v. *Zoning Board of Appeals*, 106 Conn. App. 602, 607 n.6, 942 A.2d 511, cert. denied, 289 Conn. 901, 957 A.2d 871 (2008).

compensation commissioners, are informal and governed without necessarily adhering to the rules of evidence or procedure. . . . Nonetheless, administrative hearings must be conducted in a fundamentally fair manner so as not to violate the rules of due process. . . . A fundamental principle of due process is that each party has the right to receive notice of a hearing, and the opportunity to be heard at a meaningful time and in a meaningful manner." (Citations omitted.) *Bryan* v. *Sheraton-Hartford Hotel,* 62 Conn. App. 733, 740, 774 A.2d 1009 (2001); see also *Huck* v. *Inland Wetlands & Watercourses Agency,* 203 Conn. 525, 536, 525 A.2d 940 (1987) (administrative due process requires due notice and right to produce relevant evidence). That precept applies with equal force in attorney discipline proceedings. See, e.g., *CFM of Connecticut, Inc.* v. *Chowdhury,* 239 Conn. 375, 393, 685 A.2d 1108 (1996) ("As a procedural matter, before imposing . . . sanctions, the court must afford . . . a proper hearing on the . . . [proposed] sanctions. . . . There must be fair notice and an opportunity for a hearing on the record." [Citation omitted; internal quotation marks omitted.), overruled in part on other grounds by *State* v. *Salmon,* 250 Conn. 147, 154–55, 735 A.2d 333 (1999); *Statewide Grievance Committee* v. *Botwick,* 226 Conn. 299, 308, 627 A.2d 901 (1993) (attorney entitled to notice of charges, fair hearing and appeal to court for determination of whether he was deprived of due process before discipline may be imposed); *In the Matter of Presnick,* 19 Conn. App. 340, 351, 563 A.2d 299 (holding that "due process must be afforded" before court may sanction attorney), cert. denied, 213 Conn. 801, 567 A.2d 833 (1989).

Section 31-288 (b) (2) provides: "Whenever either party to a claim under this chapter has unreasonably, and without good cause, delayed the completion of the hearings on such claim, the delaying party or parties

may be assessed a civil penalty of not more than five hundred dollars by the commissioner hearing the claim for each such case of delay. Any appeal of a penalty assessed pursuant to this subsection shall be taken in accordance with the provisions of section 31-301." In the present case, the commissioner pursuant to that statute issued a sanction by letter to the plaintiff's counsel. In her September 28, 2010 letter, the commissioner stated: "The above file was scheduled for an informal hearing at 9:00 a.m. on September 28, 2010, and notice of same was sent to your company. Your office appeared at 9:55 a.m. Pursuant to [§§] 31-288 [and] 31-300 of the Workers' Compensation Act, the following sanction is imposed against your company[4] for failure to appear on time at the September 28, 2010 hearing: one hundred dollars for your late appearance at a duly noticed hearing resulting in undue delay." The commissioner's letter was received by the board on October 12, 2010. On January 10, 2011, the board certified it as part of the record for this appeal.

The necessary predicate to imposition of a sanction under the plain language of § 31-288 (b) (2) is a finding that the offending party "unreasonably, and without good cause, delayed the completion of the hearings . . . ." General Statutes § 31-288 (b) (2). The record before us contains no finding by the commissioner that the tardiness of the plaintiff's counsel was unreasonable and without good cause. Even if we were to presume such an implicit finding on the part of the commissioner, the record is bereft of any evidence to support that finding. The commissioner did not conduct a hearing on the matter, nor did she provide the plaintiff with a meaningful opportunity to be heard thereon. Imposing

---

[4] We note that § 31-288 (b) (2) authorizes the commissioner to levy a civil penalty against "the delaying party or parties . . . ." The plaintiff in this appeal raises no claim regarding the propriety of a sanction against a party's counsel, rather than the party itself, pursuant to that statute.

the sanction in such an instance violated the plaintiff's right to fundamental fairness. See *Bryan* v. *Sheraton-Hartford Hotel*, supra, 62 Conn. App. 740.

Section 31-288 (b) (2) explicitly provides that "any appeal" by a party sanctioned thereunder "shall be taken" to the board. The plaintiff complied with that statutory mandate by appealing the sanction imposed by the commissioner to the board via his October 1, 2010 petition for review. In dismissing that appeal, the order of the board stated that because "[n]o record exists" the board "cannot properly consider an appeal . . . ." We disagree. It is well established that the board, in sitting as an appellate tribunal reviewing the decision of the commissioner, must examine the record before it to determine whether it contains evidence to support the facts found by the commissioner. See *Williams* v. *State*, supra, 124 Conn. App. 763–64. As the certified record for this appeal submitted by the board exemplifies, a record does indeed exist. The board had before it copies of the commissioner's September 28, 2010 letter imposing the sanction, the plaintiff's October 1, 2010 petition for review and the plaintiff's October 1, 2010 letter titled "Reasons for Appeal," in which the plaintiff alleged, inter alia, that "§ 31-288 provides that a penalty may be assessed only where a party has 'unreasonably, and without good cause' delayed completion of hearings on a claim. The commissioner took no evidence and thus could not have made any such finding."

The board correctly observed that it was presented with no record to substantiate a determination that the tardiness of the plaintiff's counsel was either unreasonable or without good cause, resulting in undue delay to the completion of the hearings at issue. In the face of such evidential paucity, the commissioner's finding cannot stand. Accordingly, we conclude that the board improperly dismissed the plaintiff's appeal.

The decision of the workers' compensation review board is reversed and the case is remanded to the board with direction to order the workers' compensation commissioner to vacate the $100 sanction.

In this opinion the other judges concurred.