JOHN A. BRACA, JR. *v.* ROBERT UTZLER
(AC 33701)

Lavine, Beach and Dupont, Js.

Argued February 2—officially released March 27, 2012

*John A. Braca, Jr.*, pro se, the appellant (plaintiff).

*Robert Utzler*, pro se, the appellee (defendant).

*Opinion*

PER CURIAM. The self-represented plaintiff, John A. Braca, Jr., appeals from the summary judgment rendered by the trial court in favor of the self-represented defendant, Robert Utzler. We affirm the judgment of the trial court.

The plaintiff commenced this action against the defendant, a former investor in the plaintiff's real estate development and construction business, seeking damages for the defendant's alleged intentional torts and violation of various civil and criminal statutes.[1] On May 2, 2011, the defendant filed a motion for summary judgment. The plaintiff filed an objection on June 6, 2011.

---

[1] The plaintiff's seven count complaint alleged claims of fraud, extortion, money laundering, unfair debt collection, vexatious litigation and violation of 18 U.S.C. § 1964 (c) of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq., and the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq., for which the plaintiff sought punitive damages, interest, costs, legal expenses and equitable relief. The court dis-

On June 30, 2011, the court granted the defendant's motion for summary judgment, concluding that (1) the plaintiff's fraud, extortion and statutory claims were barred by the applicable statutes of limitation and the doctrine of res judicata, and (2) the defendant's success in prior litigation foreclosed the plaintiff's vexatious litigation claim.[2]

On appeal, the plaintiff makes no argument as to the merits of the summary judgment rendered by the court. Rather, the plaintiff claims that the court improperly denied his third motion for a continuance,[3] filed June 17, 2011, thereby depriving the plaintiff of the opportunity to oppose the defendant's motion for summary judgment.[4] Specifically, the plaintiff alleges that the court did not consider his June 17, 2011 continuance

missed the money laundering and unfair debt collection claims and rendered summary judgment in favor of the defendant on the remaining five counts.

[2] In the prior case, *Utzler* v. *Braca*, Superior Court, judicial district of Fairfield, Docket No. CV-06-5003257 (April 25, 2008), aff'd in part and rev'd in part, 115 Conn. App. 261, 972 A.2d 743 (2009), the trial court rendered judgment in favor of the defendant (therein the plaintiff) on, inter alia, claims of breach of fiduciary duty, fraudulent misrepresentation and violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq., which rulings this court affirmed. Id. The plaintiff (therein the defendant) did not file a petition for certification with our Supreme Court.

[3] The court granted the plaintiff's first two continuance motions, filed May 19, 2011, and June 2, 2011.

[4] We note that the plaintiff claims that he was deprived of the opportunity "to present his evidence of cashed checks by [the defendant], supporting transcripts [and] witnesses in court . . . ." On June 6, 2011, the plaintiff filed an objection to the defendant's motion for summary judgment. The plaintiff did not file opposing affidavits or any other documentary evidence as provided in Practice Book § 17-45.

"A motion for summary judgment should be granted only when the pleadings, affidavits and other proof show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Practice Book § [17-49] . . . ." (Citations omitted.) *Orenstein* v. *Old Buckingham Corp.*, 205 Conn. 572, 574, 534 A.2d 1172 (1987). To defeat a motion for summary judgment, the opponent must show that a genuine issue of material fact is in dispute, together with evidence that discloses the existence of such an issue. The procedure of obtaining a summary judgment is defeated if, without any such showing, a case could be forced to be tried. E.g., *Farrell* v. *Farrell*, 182 Conn. 34, 38–40, 438 A.2d

motion until after it had granted the defendant's motion for summary judgment. The record reflects that the plaintiff's third motion for a continuance was denied by the court, nunc pro tunc, on July 1, 2011.[5] We conclude that this decision by the court does not constitute reversible error.

In ruling on the motion for summary judgment, the court issued a memorandum of decision, which is a concise and thoughtful statement of the facts and the applicable law on the issue. We therefore adopt the decision of the trial court as our own. See *Braca* v. *Utzler*, 52 Conn. Sup. 242, 41 A.3d 1210 (2011). It would serve no useful purpose for this court to repeat the discussion contained therein. See *Norfolk & Dedham Mutual Fire Ins. Co.* v. *Wysocki*, 243 Conn. 239, 241, 702 A.2d 638 (1997).

The judgment is affirmed.

---

415 (1980). In the present case, even if argument on the motion had been continued, the plaintiff would not have been permitted to introduce the testimony of witnesses. A summary judgment should be summary; that is, made in a prompt, simple manner without a full-scale trial. The opposition to such a motion may include the filing of affidavits or other documentary evidence; Practice Book § 17-45; but does not include the live testimony of any witnesses.

[5] The record reflects that the plaintiff filed his third motion for a continuance on June 17, 2011, the Friday preceding the argument on the defendant's motion for summary judgment, which was scheduled for Tuesday, June 21, 2011. In its ruling denying the plaintiff's June 17, 2011 continuance motion, issued on July 1, 2011, the day after its June 30, 2011 memorandum of decision granting the defendant's motion for summary judgment, the court, *Dooley, J.,* stated: "The court considered this motion on the papers submitted. [The plaintiff's] objection is wholly without merit."