******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JUSTIN PASSALUGO *v.* GUIDA-SEIBERT DAIRY
COMPANY ET AL.
(AC 35262)

DiPentima, C. J., and Gruendel and Beach, Js.

*Argued February 18—officially released April 15, 2014*

(Appeal from Workers' Compensation Review Board.)

*Jennifer B. Levine*, with whom was *Harvey L. Levine*, for the appellant (plaintiff).

*Marian H. Yun*, for the appellees (defendants).

*Opinion*

GRUENDEL, J. Following an informal hearing, the Workers' Compensation Commissioner for the Sixth District (commissioner) issued a decision approving the filing of notice by the defendants, Guida-Seibert Dairy Company and its insurer, Liberty Insurance Corporation, to discontinue workers' compensation payments to the plaintiff, Justin Passalugo. The plaintiff then filed a petition for review of that decision with the Workers' Compensation Review Board (board). In ruling on that petition, the board emphasized that "no record [of the informal hearing] exists" and that "[a]bsent a record this board cannot properly consider" the plaintiff's appeal. Accordingly, the board dismissed the petition and remanded the matter to the commissioner "for a formal hearing or other appropriate action." From that decision, the plaintiff now appeals.

In this appeal, the plaintiff challenges the propriety of the commissioner's decision. Specifically, he claims that the commissioner (1) violated General Statutes § 31-296 by terminating his workers' compensation benefits "without any medical evidence" at the informal hearing, and (2) violated his right to due process and fundamental fairness by terminating his benefits without an evidentiary hearing. We disagree and, therefore, affirm the decision of the board.

Our recitation of the relevant facts is hampered by the limited record before us, which consists of a handful of documents and is devoid of any transcripts or exhibits. The following facts are thus gleaned from that slim record and are undisputed by the parties. The plaintiff sustained an injury on October 30, 2011, and thereafter entered into a voluntary agreement with the defendants regarding workers' compensation benefits. On August 30, 2012, the defendants filed with the commission a Form 36, thereby notifying the plaintiff of their intention to discontinue workers' compensation payments.[1] The commissioner held an informal hearing,[2] at the conclusion of which the commissioner on October 23, 2012, approved the defendants' Form 36 filing to discontinue compensation payments. Although the plaintiff possessed "the right to challenge the notice [of intention to discontinue compensation payments] in a subsequent formal hearing"; *Anguish* v. *TLM, Inc.*, 53 Conn. App. 241, 242 n.2, 728 A.2d 1165, cert. denied, 250 Conn. 910, 734 A.2d 985 (1999); he declined to do so. He instead filed a petition for review with the board on November 5, 2012. In response, the defendants filed with the board an objection to that petition, stating in relevant part that "[t]he Form 36 which forms the basis for the [plaintiff's] petition for review was granted at an informal hearing . . . . The matter should be remanded to the [commissioner] for a formal hearing . . . on the Form 36 issue."

The board dismissed the plaintiff's petition for review

on November 27, 2012.[3] Its remand order states in relevant part: "On November 5, 2012, [the plaintiff] filed a petition for review from the trial commissioner's October 23, 2012 order granting [the defendants'] Form 36. The order was issued as a result of an informal hearing. No record exists. Due process requires an evidentiary hearing wherein a record can be created. Absent a record, this board cannot properly consider an appeal under [General Statutes §] 31-301 (a). The matter is therefore remanded to the trial commissioner acting for the sixth district for a formal hearing or other appropriate action. . . ." Despite that remand order, the plaintiff did not return to the commissioner for a formal hearing. Rather, he filed an appeal of the board's decision with this court.[4]

As a preliminary matter, we note that "[t]he principles that govern our standard of review in workers' compensation appeals are well established. . . . The board sits as an appellate tribunal reviewing the decision of the commissioner. . . . [T]he review . . . of an appeal from the commissioner is not a de novo hearing of the facts. . . . [T]he power and duty of determining the facts rests on the commissioner . . . . [T]he commissioner is the sole arbiter of the weight of the evidence and the credibility of witnesses . . . . Where the subordinate facts allow for diverse inferences, the commissioner's selection of the inference to be drawn must stand unless it is based on an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . .

"This court's review of decisions of the board is similarly limited. . . . The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . [W]e must interpret [the commissioner's finding] with the goal of sustaining that conclusion in light of all of the other supporting evidence. . . . Once the commissioner makes a factual finding, [we are] bound by that finding if there is evidence in the record to support it." (Internal quotation marks omitted.) *Baron* v. *Genlyte Thomas Group, LLC*, 132 Conn. App. 794, 799–800, 34 A.3d 423, cert. denied, 303 Conn. 939, 37 A.3d 155 (2012).

I

The plaintiff first contends that the commissioner violated § 31-296 by terminating his workers' compensation benefits without any medical evidence at the informal hearing.[5] That claim requires little discussion. The board specifically found, and the plaintiff does not dispute, that no record of the informal hearing exists. As a result, the record before us is inadequate for review.

It is the responsibility of the appellant to provide this court with an adequate record for review. See Practice

Book § 61-10. Without an adequate record, we are left to speculation and conjecture; *Gelormino* v. *Liberman*, 36 Conn. App. 153, 154, 649 A.2d 259, cert. denied, 231 Conn. 946, 653 A.2d 826 (1994); which "have no place in appellate review." *Narumanchi* v. *DeStefano*, 89 Conn. App. 807, 815, 875 A.2d 71 (2005). We therefore decline to review the plaintiff's claim.

## II

The plaintiff also argues that the commissioner violated his right to due process and fundamental fairness by terminating his benefits without an evidentiary hearing.[6] For multiple reasons, his claim is untenable.

First and foremost, the record before us contains no transcript or record whatsoever of the informal hearing. As a result, we cannot ascertain, as a threshold matter, whether or not an evidentiary hearing of any kind transpired before the commissioner. The paucity of materials in the record before us precludes any meaningful review of the plaintiff's claim.

Second, as this court previously has observed, an "emergency informal hearing . . . is not an appealable decision, as it does not create a record that can be reviewed." (Internal quotation marks omitted.) *Brinson* v. *Finlay Bros. Printing Co.*, 77 Conn. App. 319, 326 n.8, 823 A.2d 1223 (2003); accord 2 A. Sevarino, Connecticut Workers' Compensation After Reforms (Centennial Ed. 2012) § 5.16.10, p. 716 ("Any [o]rder approving or disapproving a Form 36 at the informal hearing . . . will not have a transcript of the proceedings or a record from which an appeal may be taken to the [board]. Without a transcript or exhibits, the [board] is absent a record and cannot consider the appeal pursuant to [§] 31-301 as the matter is not ripe for appellate review." [Emphasis omitted.]). That precedent is grounded in the mandate of § 31-301 (b), which provides in relevant part that the board "shall hear the appeal on the record of the hearing before the commissioner . . . ." The board's remand order, in which it expressly stated that "[a]bsent a record this board cannot properly consider an appeal" and then remanded the matter to the commissioner for a formal hearing, thus is entirely consistent with established Connecticut law.[7]

Third, even if the plaintiff could overcome those significant bars to appellate review, he could not prevail, as this court recently considered—and rejected—an almost identical claim. Like the present case, *Pagan* v. *Carey Wiping Materials Corp.*, 144 Conn. App. 413, 416, 73 A.3d 784, cert. denied, 310 Conn. 925, 77 A.3d 142 (2013), involved a commissioner's approval, following an informal hearing, of the discontinuance of compensation payments. Like the present case, the plaintiff in *Pagan* elected to bypass her right to a formal hearing and instead filed an appeal with the board. Id., 416–17. Like the present case, the board in *Pagan* remanded

the matter to the commissioner for a formal hearing, stating in relevant part that the commissioner's decision was the "result of an informal hearing. No record exists. Due process requires an evidentiary hearing wherein a record can be created."[8] Id., 417 n.9.

On appeal to this court, the plaintiff claimed that "due process requires the commissioner to conduct an evidentiary hearing . . . prior to approving the discontinuance of compensation payments." Id., 422. In rejecting the merits of that claim, this court detailed the contours of the informal hearing on a Form 36 filing. We stated in relevant part: "The form notice set forth in § 31-296, as amended by No. 07-80 of the 2007 Public Acts, provides that the pretermination hearing an employee can seek if he disputes a proposed discontinuance or reduction of benefits is an informal hearing. The informal hearing should be held as soon as possible after the claimant has objected to the Form 36. . . . While evidence is not taken at an informal hearing . . . the employer/insurer has the burden of proof and must submit documents . . . in support of the discontinuance or reduction. Thereafter, the burden shifts to the injured worker who should be prepared to present competent medical evidence (usually by medical reports) that support the contest of the Form 36. The [commissioner] will weigh the evidence and either approve or disallow the discontinuance or reduction." (Citation omitted; footnote omitted; internal quotation mark omitted.) Id., 420–21. We further explained that a commissioner's "initial ruling on a Form 36 may be challenged at a subsequent formal [evidentiary] hearing, *at which the previous ruling has no precedential weight. The issue is tried de novo*."[9] (Emphasis added; internal quotation marks omitted.) Id., 421; see also *Brinson* v. *Finlay Bros. Printing Co.*, supra, 77 Conn. App. 326 (plaintiff possesses "right to request a formal hearing" that is "a de novo hearing"); *Anguish* v. *TLM, Inc.*, supra, 53 Conn. App. 242 n.2 (noting that "the term 'hearing' as used in . . . § 31-296 means an emergency informal hearing to be held as soon as possible, but that the employee had the right to challenge the notice in a subsequent formal hearing").

Accordingly, our precedent instructs that the informal hearing conducted pursuant to § 31-296 is intended to serve as an expedited and preliminary determination, from which a claimant is "entitled to a reasonably prompt posttermination formal hearing at which she [is] permitted to cross examine adverse witnesses and present evidence and testimony . . . ." *Pagan* v. *Carey Wiping Materials Corp.*, supra, 144 Conn. App. 428; see also 2 A. Sevarino, supra, § 5.16.11, p. 717 ("[a]ny prior decision made by the [commissioner] at the emergency informal hearing level is attune to an 'interlocutory ruling' at the administrative level"). Furthermore, it is undisputed that a claimant "is entitled to full retroactive relief if she ultimately prevails at the posttermination

formal hearing or thereafter on appeal." *Pagan* v. *Carey Wiping Materials Corp.*, supra, 423. In light of those procedural safeguards, this court in *Pagan* held that "the procedures provided by § 31-296 are constitutionally sufficient" and comply with the requirements of due process under the fourteenth amendment to the United States constitution.[10] Id., 429–30. Given the preliminary nature of an informal hearing conducted pursuant to § 31-296 and the fact that a claimant retains an absolute right to a de novo formal hearing at which the commissioner's preliminary determinations carry no precedential weight, we conclude that the rationale set forth in *Pagan* applies with equal force with respect to a claimant's right to fundamental fairness.[11] We, therefore, disagree with the plaintiff that a commissioner is required, as a matter of constitutional due process and fundamental fairness, to conduct an evidentiary hearing prior to terminating compensation benefits at the conclusion of an informal hearing conducted pursuant to § 31-296.

The decision of the Workers' Compensation Review Board is affirmed.

In this opinion the other judges concurred.

[1] "A [F]orm 36 is a notice to the compensation commissioner and the claimant of the intention of the employer and its insurer to discontinue compensation payments. The filing of this notice and its approval by the commissioner are required by statute in order properly to discontinue payments. General Statutes §§ 31-296, 31-296a, 31-300." (Internal quotation marks omitted.) *Brinson* v. *Finlay Bros. Printing Co.*, 77 Conn. App. 319, 320 n.1, 823 A.2d 1223 (2003). "The content of the form is set out by § 31-296." Id., 325 n.5.

[2] In their appellate brief, the defendants aver in relevant part that "[a]n informal hearing was held on September 17, 2012, in response to the [plaintiff's] objection to [the Form 36]. At that hearing, both parties presented their positions and the commissioner held his decision concerning the Form 36 in abeyance allowing the parties to further advance their respective positions at a subsequent hearing. . . . At the subsequent hearing held on October 9, 2012, [the plaintiff] appeared for the hearing but his counsel failed to appear. Once again, the commissioner held the Form 36 in abeyance and scheduled another hearing thereby protecting the claimant's rights to be heard and properly represented by counsel. At the third informal hearing held on October 23, 2012 concerning the Form 36 . . . the commissioner considered the arguments presented by both parties, including the medical reports of Dr. Sullivan and Dr. Sella, and granted the Form 36 . . . ." In its appellate brief, the plaintiff does not acknowledge that the informal hearing was convened on September 17 or October 9, 2012; rather, he states that "[a] pre-termination informal hearing was held on October 23, 2012." Because no record of that informal hearing is included in the materials before us, we note simply that an informal hearing was held by the commissioner.

[3] The record before us contains simply a one paragraph decision titled "Remand Order." In that decision, the board does not reach the merits of the plaintiff's appeal, nor does it expressly grant or deny the plaintiff's petition. In similar cases, the board's action in remanding a matter to the commissioner for a formal hearing due to the lack of a record for review has been described as a dismissal of the petition. See, e.g., *Flamenco* v. *Independent Refuse Service, Inc.*, 130 Conn. App. 280, 282, 22 A.3d 671 (2011). We thus interpret the board's action in the present case as tantamount to a dismissal of the petition.

[4] In its appellate brief, the defendants represent that "a formal hearing notice issued on May 6, 2013, for a hearing to take place on June 13, 2013. In response to this, [the plaintiff's] counsel on May 13, 2013, filed a 'Motion for Order Cancelling June 13, 2013 Sua Sponte Formal Hearing on Form 36.' This motion was granted by the commissioner on May 14, 2013." At oral argument before this court, counsel for the plaintiff conceded the

veracity of that representation.

[5] Although the record is inadequate to substantiate their assertion, we note that the defendants in their appellate brief dispute the factual predicate to the plaintiff's claim, alleging specifically that the commissioner considered "the medical reports of Dr. Sullivan and Dr. Sella" at the informal hearing, which included a report stemming from an independent medical examination of the plaintiff. The record likewise is inadequate to evaluate the plaintiff's assertion that, contrary to the defendants' representation, the commissioner at the informal hearing "did not seek or require the employer to present medical reports establishing the plaintiff's medical recovery. In fact, the commissioner did not require any objective evidence to be demonstrated to him and instead simply relied on the unsworn representations of defense counsel and those found in the Form 36."

[6] As our appellate courts previously have observed, there exists an inherent overlap between the right to due process and the right to fundamental fairness in administrative proceedings. See *Grimes* v. *Conservation Commission*, 243 Conn. 266, 273 n.11, 703 A.2d 101 (1997); *Megin* v. *Zoning Board of Appeals*, 106 Conn. App. 602, 607 n.6, 942 A.2d 511, cert. denied, 289 Conn. 901, 957 A.2d 871 (2008). "[A]dministrative hearings, including those held before workers' compensation commissioners, are informal and governed without necessarily adhering to the rules of evidence or procedure. . . . Nonetheless, administrative hearings must be conducted in a fundamentally fair manner so as not to violate the rules of due process. . . . A fundamental principle of due process is that each party has the right to receive notice of a hearing, and the opportunity to be heard at a meaningful time and in a meaningful manner." (Internal quotation marks omitted.) *Flamenco* v. *Independent Refuse Service, Inc.*, 130 Conn. App. 280, 282–83, 22 A.3d 671 (2011). Notably, the common-law right to fundamental fairness "is not coextensive with constitutional due process. . . . The right to fundamental fairness in administrative proceedings encompasses a variety of procedural protections, including the right to adequate notice . . . . [Our Supreme Court at times has] characterized these procedural protections as due process rights. . . . Although the due process characterization, at first blush, suggests a constitutional source, there is no discussion in these cases of a property interest in terms of constitutional due process rights. These decisions are, instead, based on a line of administrative law cases and reflect the development, in Connecticut, of a common-law right to due process in administrative hearings." (Citation omitted; internal quotation marks omitted.) *Megin* v. *Zoning Board of Appeals*, supra, 607 n.6.

[7] Indeed, one noted commentator indicates that such a result is routine protocol in Form 36 proceedings: "Should a [claimant decline to exercise the right to a formal hearing and instead] file . . . an appeal [with the board] without a transcript or record [the claimant] is going to receive a remand order from the [board] dismissing the appeal and remanding the matter back to the [commissioner for a] formal hearing, which then will produce a transcript and record." 2 A. Sevarino, supra, § 5.16.10, p. 716.

[8] The remand order in the present case contains that exact language.

[9] In his appellate brief and at oral argument before this court, the plaintiff has argued that the issue of compensation benefits termination is *not* tried de novo during the formal hearing, alleging the claimant bears the burden of proof "at all times" in that proceeding. That proposition is contrary to Connecticut law. See *Pagan* v. *Carey Wiping Materials Corp.*, supra, 144 Conn. App. 421; *Brinson* v. *Finlay Bros. Printing Co.*, supra, 77 Conn. App. 326; A. Sevarino, supra, § 5.16.11, p. 716–17 (employer seeking discontinuance or reduction of compensation payments bears preliminary burden at de novo formal hearing).

[10] The facts of the present case underscore the safeguards available to an aggrieved claimant. Prior to commencing the present appeal with this court, the plaintiff twice had the opportunity to obtain a de novo evidentiary hearing regarding the termination of his benefit payments. He first declined to exercise his right to proceed to a de novo formal hearing following the commissioner's initial ruling. When the board subsequently remanded the matter to the commission for a de novo formal hearing, he again declined to proceed with that evidentiary hearing, instead opting to commence this appeal. Moreover, as the plaintiff's counsel acknowledged at oral argument before this court, a formal hearing on the matter was scheduled for June 13, 2013, to which the plaintiff filed a written request to cancel that then was granted by the commissioner. See footnote 4 of this opinion. The plaintiff's repeated election to bypass those opportunities for de novo evidentiary hearings undermines his contention that, on the facts of this case, he was

deprived of his right to procedural due process and fundamental fairness before the commissioner.

[11] It is undisputed that the right to cross-examine witnesses and the right to offer rebuttal evidence, two hallmarks of fundamental fairness, are retained by a claimant in a de novo formal hearing.

───────────────────────────