******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CONGRESS STREET CONDOMINIUM ASSOCIATION,
INC. *v.* FREDERICK L. ANDERSON ET AL.
(AC 35601)

Gruendel, Lavine and Alvord, Js.

*Argued January 21—officially released March 24, 2015*

(Appeal from Superior Court, judicial district of
Hartford, Robaina, J. [objection to request for leave to
amend]; Dubay, J. [judgment].)

*Eric D. Coleman*, for the appellant (named
defendant).

*Thompson G. Page*, for the appellee (plaintiff).

*Opinion*

ALVORD, J. In this action to foreclose a statutory lien for unpaid common charges and fines, the defendant Frederick L. Anderson appeals from the judgment of strict foreclosure rendered by the court in favor of the plaintiff, Congress Street Condominium Association, Inc.[1] On appeal, the defendant claims that the court improperly failed to conclude that the plaintiff's assessment of fines was invalid because the plaintiff did not afford the defendant a hearing prior to the imposition of those fines.[2] We agree and, accordingly, reverse the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. In 2002, the defendant acquired title to 69A Congress Street, a condominium unit in the Congress Street Condominium (condominium) in Hartford, together with garage unit G44. On June 10, 2009, the plaintiff, a Connecticut corporation comprised of the unit owners of the condominium, filed an action against the defendant to foreclose a lien for "common expense assessments and fines" pursuant to General Statutes § 47-258 (a) and (j).[3] On July 20, 2009, the defendant filed an answer responding to the allegations in the complaint. On February 2, 2010, the defendant filed a request for leave to amend with an amended answer that included special defenses and a counterclaim. On February 23, 2010, the plaintiff filed a motion to strike the defendant's special defenses and counterclaim, which was granted by the court on March 30, 2010.

On March 29, 2010, the plaintiff reclaimed its previously filed motion for summary judgment as to liability only, and a hearing was held on April 12, 2010. Instead of filing an opposition to the motion for summary judgment at that time, the defendant filed a second request for leave to amend his answer. The second amended answer contained a special defense alleging equitable estoppel and an amended counterclaim alleging infliction of emotional distress. The plaintiff filed an objection to the defendant's second request, claiming that it was untimely. On April 16, 2010, the defendant filed a memorandum of law in opposition to the plaintiff's motion for summary judgment arguing that there existed genuine issues of material fact and raising the same issues as those alleged in his second amended answer.

On April 26, 2010, the court, *Aurigemma, J.*, granted the plaintiff's motion for summary judgment as to liability only and sustained the plaintiff's objection to the defendant's request for leave to amend his answer. After the court, *Hon. Robert Satter*, judge trial referee, rendered a judgment of strict foreclosure, the defendant appealed, claiming that the summary judgment was improper because the court failed to credit the special

defense of equitable estoppel as a legally viable basis for his claim that the plaintiff invalidly levied fines against him. This court agreed that the summary judgment was improperly rendered, reversed the judgment and remanded the case to the trial court for further proceedings. *Congress Street Condominium Assn., Inc.* v. *Anderson,* 132 Conn. App. 536, 544–45, 33 A.3d 274 (2011).

On remand, before the commencement of the trial, the defendant filed a third request for leave to amend his answer that included four special defenses and a counterclaim. The defendant's proposed second special defense alleged that the imposition of the fines against him violated the provisions of the condominium's declaration and bylaws because he had not been afforded a hearing. The plaintiff filed an objection to the defendant's request, claiming that the request was contrary to this court's remand order. The plaintiff argued that the alleged failure to conduct a hearing had not previously been raised and that the defendant was limited to his special defense of equitable estoppel on remand. The court, *Robaina, J.*, sustained the plaintiff's objection to the defendant's third request for leave to amend his answer without an explanation.

At the time of trial, the court, *Dubay, J.*, appeared to agree with the plaintiff's position that the court was bound by Judge Robaina's ruling that limited the defendant to his special defense of equitable estoppel. Nevertheless, as noted by plaintiff's counsel, Judge Dubay permitted some testimony that related to the defendant's proposed second special defense, which alleged that the plaintiff failed to conduct a hearing prior to the imposition of fines.[4] The defendant and Gerald Gingras, an officer of the plaintiff association, both testified that the plaintiff did not conduct a hearing before levying fines against the defendant for his failure to comply with certain provisions of the condominium's declaration.[5]

In its posttrial brief, the plaintiff stated that any alleged harm from the failure to afford the defendant a hearing "to present substantive arguments and evidence" was "speculative,"[6] and that the defendant had an opportunity to present his evidence on April 12, 2010, at the hearing on the plaintiff's motion for summary judgment.[7] The plaintiff, in its proposed orders to the trial court, therefore requested that the amount of the fines be calculated from the date of the hearing on the motion for summary judgment rather than March 10, 2009, when the plaintiff first notified the defendant that fines were being assessed at $12 for each day that the violation continued. Judge Dubay, after determining that the fines "were validly assessed," awarded the amount requested by the plaintiff in its proposed orders. This appeal followed.

The defendant claims that the court improperly deter-

mined that the fines "were validly assessed" against him because the evidence showed that the plaintiff failed to comply with the requirement of a hearing prior to the imposition of fines. We agree.

General Statutes § 47-244 (a) (11) provides that a unit owner's association "[m]ay impose charges or interest or both for late payment of assessments and, *after notice and an opportunity to be heard*, levy reasonable fines for violations of the declaration, bylaws, rules and regulations of the association." (Emphasis added.) Section 5.2 of the plaintiff's bylaws provides in relevant part: "By resolution, following Notice and Hearing, the Executive Board *may levy a fine of up to $50 per day for each day that a violation of the Instruments or Rules persists after such Notice and Hearing.*" (Emphasis added.) Section 22.2 of the condominium's declaration provides in relevant part: "Whenever the Instruments require that an action be taken after 'Notice and Hearing,' the following procedure shall be observed: The party proposing to take the action (e.g., the Executive Board, a committee, an officer, the manager, etc.) shall give written notice of the proposed action to all Unit Owners or occupants of Units whose interest would be significantly affected by the proposed action. The notice shall include a general statement of the proposed action and *the date, time and place of the hearing. At the hearing, the affected person shall have the right, personally or by a representative, to give testimony orally, in writing or both* (as specified in the notice), subject to reasonable rules of procedure established by the party conducting the meeting to assure a prompt and orderly resolution of the issues." (Emphasis added.)

Although the plaintiff appears to characterize the holding of a hearing as being a mere formality, we conclude that providing the defendant an opportunity to be heard was expressly required by our statutes and the plaintiff's condominium documents *before* the plaintiff could impose fines against him. See General Statutes § 47-244 (a) (11). It is undisputed that the defendant, although provided with notice of an alleged violation of the condominium's declaration, never was afforded a hearing by the plaintiff. "[A]dministrative hearings . . . are informal and governed without necessarily adhering to the rules of evidence or procedure. . . . Nonetheless, administrative hearings must be conducted in a fundamentally fair manner so as not to violate the rules of due process. . . . A fundamental principle of due process is that each party has the right to receive notice of a hearing, and the opportunity to be heard at a meaningful time and in a meaningful manner." (Internal quotation marks omitted.) *Passalugo* v. *Guida-Seibert Dairy Co.*, 149 Conn. App. 478, 484 n.6, 91 A.3d 475 (2014). "Due process of law requires not only that there be due notice of the hearing but that at the hearing the parties involved have a right to

produce relevant evidence, and an opportunity to know the facts on which the agency is asked to act, to cross-examine witnesses and to offer rebuttal evidence." (Internal quotation marks omitted.) *Unistar Properties, LLC* v. *Conservation & Inland Wetlands Commission*, 293 Conn. 93, 124–25, 977 A.2d 127 (2009).

"[This] court may reverse . . . the decision of the trial court if it determines that the factual findings are clearly erroneous in view of the evidence and pleadings in the whole record, or that the decision is otherwise erroneous in law." (Internal quotation marks omitted.) *Argentinis* v. *Fortuna*, 134 Conn. App. 538, 559, 39 A.3d 1207 (2012). The trial court, having heard evidence that the defendant was not afforded a hearing before the plaintiff imposed fines against him, improperly concluded that the fines "were validly assessed."

The judgment is reversed and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.

[1] The condominium unit at issue was subject to two mortgages. The mortgagees, as subsequent encumbrancers, were named as additional defendants in this action, but they are not parties to this appeal. We therefore refer in this opinion to Anderson as the defendant.

We also note that the defendant paid his delinquent common charges. This appeal concerns only the fines that the plaintiff levied against him.

[2] The defendant raises several other claims that we need not address because our resolution of this claim is dispositive.

[3] General Statutes § 47-258 (a) provides in relevant part: "The association has a statutory lien on a unit for any assessment attributable to that unit or fines imposed against its unit owner. . . ." The plaintiff is an "association" pursuant to the Common Interest Ownership Act, General Statutes § 47-200 et seq.

[4] There is no claim by the plaintiff that Judge Dubay improperly exceeded the scope of this court's remand order. See footnote 6 of this opinion.

[5] The plaintiff claimed that the defendant violated the condominium's declaration when he replaced a large exterior window in his condominium unit with a door, providing him with access to an adjacent porch.

[6] Plaintiff's counsel concedes on appeal that the defendant had not been afforded a hearing prior to the plaintiff's imposition of fines. The plaintiff claims, however, that the defendant eventually had his hearing when this action was tried before Judge Dubay. The plaintiff argues that Judge Dubay allowed the defendant to present evidence regarding the lack of a hearing despite Judge Robaina's ruling that denied the defendant's third request to revise his answer. For that reason, the plaintiff claims that its failure to provide the requisite hearing was harmless.

[7] We note that testimonial evidence by the defendant, which would have been permitted at a hearing before the plaintiff, would not have been proper at a hearing on a motion for summary judgment. "A summary judgment should be summary; that is, made in a prompt, simple manner without a full-scale trial. The opposition to such a motion may include the filing of affidavits or other documentary evidence; Practice Book § 17-45; but does not include the live testimony of any witnesses." *Braca* v. *Utzler*, 134 Conn. App. 460, 463 n.4, 38 A.3d 1249 (2012), cert. denied, 308 Conn. 927, 64 A.3d 333 (2013).