******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ANTHONY LAZZARI *v*. THE STOP AND SHOP
SUPERMARKET COMPANY, LLC, ET AL.
(AC 37325)

Gruendel, Mullins and Mihalakos, Js.

*Argued December 2, 2015—officially released February 2, 2016*

(Appeal from the Workers' Compensation Review
Board.)

*Anthony Lazzari*, self-represented, the appellant
(plaintiff).

*Matthew Necci*, with whom, on the brief, was *Alyssa
Swaniger*, for the appellee (named defendant).

*Opinion*

PER CURIAM. The plaintiff, Anthony Lazzari, appeals from the decision of the Workers' Compensation Review Board (board) remanding his appeal in order for the Workers' Compensation Commissioner (commissioner) to hold a formal hearing. The board determined that without a formal hearing at which a record could be created, the plaintiff's appeal was not ripe. On appeal, the plaintiff raises various claims, principally arguing that the board inadequately considered the issues he raised before it. We affirm the board's decision.

The plaintiff's underlying claim is that he was injured while an employee of the defendant, The Stop & Shop Supermarket Company, LLC, and that he, therefore, is owed workers' compensation benefits by that company and its defendant insurer, Mac Risk Management, Inc. When the defendants sought to depose the plaintiff, he filed a "memoranda re: legal authority for deposition" with the commissioner, requesting, inter alia, the legal authority pursuant to which the commissioner could compel his deposition. The commissioner replied with a letter outlining the law regarding the defendants' entitlement to depose the plaintiff, the permissible scope of such a deposition, and the mechanics of the deposition, along with suggestions for conducting a deposition in a way that would address the plaintiff's concerns. The plaintiff then appealed from the commissioner's reply to the board. The board issued a remand order on September 24, 2014, stating that no transcript or exhibits existed[1] and that due process required an evidentiary hearing where a record could be created. It then remanded the matter to the commissioner for a formal hearing or other appropriate action.[2] Thereafter, the plaintiff appealed to this court.

The issue presented on appeal is whether the board properly remanded the matter to the commissioner for a formal hearing.[3] We conclude that it did.

We previously have held that a "board's remand order, in which it expressly stated that '[a]bsent a record this board cannot properly consider an appeal' and then remanded the matter to the commissioner for a formal hearing . . . is entirely consistent with established Connecticut law." *Passalugo* v. *Guida-Seibert Dairy Co.*, 149 Conn. App. 478, 485, 91 A.3d 475 (2014) (affirming board's dismissal of appeal as unripe and remanding for formal hearing of plaintiff's appeal from informal hearing); see also *Pagan* v. *Carey Wiping Materials Corp.*, 144 Conn. App. 413, 415–16, 73 A.3d 784, cert. denied, 310 Conn. 925, 77 A.3d 142 (2013) (same); *Brinson* v. *Finlay Bros. Printing Co.*, 77 Conn. App. 319, 326 n.8, 823 A.2d 1223 (2003) (appeal from informal hearing not appealable decision due to lack of record). General Statutes § 31-298[4] states in relevant

part that at a formal hearing, a commissioner "shall make inquiry, through oral testimony, deposition testimony or written and printed records, in a manner that is best calculated to ascertain the substantial rights of the parties and carry out the provisions and intent of this chapter." General Statutes § 31-301 (b)[5] then states in pertinent part: "The Compensation Review Board shall hear the appeal on the record of the hearing before the commissioner . . . ." The statutes contemplate that both parties will have the opportunity to make their arguments to the commissioner and the commissioner will have the opportunity to fully develop the record by questioning the parties and providing them with an opportunity to submit evidence. In addition, the regulations of the Workers' Compensation Commission require the commissioner to make findings in a specified format.[6]

All of these requirements ensure that the record before the board will be sufficient for it to make a proper determination of the rights of the parties. The board properly determined that it could not decide the issues presented without a formal hearing at which all parties would have an opportunity to make their arguments and the commissioner would be able to render a decision, which could then be reviewed by the board if an appeal was taken.

The decision of the Workers' Compensation Review Board is affirmed.

[1] The plaintiff asserts that there are, in fact, records, consisting of the various court filings, his memoranda, and the commissioner's letter. We construe the board's reference to no transcripts or exhibits to mean none of those transcripts or exhibits that it customarily receives following a formal hearing and that serve to frame the issues before it.

[2] During the pendency of this appeal, a formal hearing was held before a different commissioner, at which the plaintiff refused to submit to questioning that he claimed could render his appeal moot. That commissioner determined that he could not go forward with the hearing while the plaintiff maintained this appeal. In addition, the plaintiff filed a motion for articulation, which the board granted in part, regarding the meaning of "other appropriate action" in its decision, and denied in part, regarding the meaning of "communication." The board articulated that in providing for "other appropriate action," it left open the possibility that the commissioner could utilize alternate methods of dispute resolution aside from a formal hearing.

[3] The plaintiff also asserts that the commissioner's statements regarding the deposition were incorrect. The commissioner's statements regarding the deposition are not properly before us because the board never reached that issue. In addition, the defendants have requested sanctions pursuant to Practice Book § 85-2, claiming that the plaintiff's appeal is frivolous. We decline to order sanctions.

[4] General Statutes § 31-298 provides: "Both parties may appear at any hearing, either in person or by attorney or other accredited representative, and no formal pleadings shall be required, beyond any informal notices that the commission approves. In all cases and hearings under the provisions of this chapter, the commissioner shall proceed, so far as possible, in accordance with the rules of equity. He shall not be bound by the ordinary common law or statutory rules of evidence or procedure, but shall make inquiry, through oral testimony, deposition testimony or written and printed records, in a manner that is best calculated to ascertain the substantial rights of the parties and carry out the provisions and intent of this chapter. No fees shall be charged to either party by the commissioner in connection with any hearing or other procedure, but the commissioner shall furnish at cost (1) certified copies of any testimony, award or other matter which may be of record in his office, and (2) duplicates of audio cassette recordings of

any formal hearings. Witnesses subpoenaed by the commissioner shall be allowed the fees and traveling expenses that are allowed in civil actions, to be paid by the party in whose interest the witnesses are subpoenaed. When liability or extent of disability is contested by formal hearing before the commissioner, the claimant shall be entitled, if he prevails on final judgment, to payment for oral testimony or deposition testimony rendered on his behalf by a competent physician, surgeon or other medical provider, including the stenographic and videotape recording costs thereof, in connection with the claim, the commissioner to determine the reasonableness of such charges.''

[5] General Statutes § 31-301 (b) provides: ''The appeal shall be heard by the Compensation Review Board as provided in section 31-280b. The Compensation Review Board shall hear the appeal on the record of the hearing before the commissioner, provided, if it is shown to the satisfaction of the board that additional evidence or testimony is material and that there were good reasons for failure to present it in the proceedings before the commissioner, the Compensation Review Board may hear additional evidence or testimony.'' This section contemplates that the board will hear additional testimony only after the commissioner was able to develop the record and only if there is good reason to do so.

[6] Section 31-301-3 of the Regulations of Connecticut State Agencies provides: ''The finding of the commissioner should contain only the ultimate relevant and material facts essential to the case in hand and found by him, together with a statement of his conclusions and the claims of law made by the parties. It should not contain excerpts from evidence or merely evidential facts, nor the reasons for his conclusions. The opinions, beliefs, reasons and argument of the commissioner should be expressed in the memorandum of decision, if any be filed, so far as they may be helpful in the decision of the case.''